## Ex Parte C. M. Wilchar.

No. 9536.   Delivered October 7, 1925.

**1.—Habeas Corpus—City Ordinance—Regulating Traffic—Held, Valid.**

While, by Art. 820r of Vernon's P. C. limitations as to rate of speed fixed by the Act shall be exclusive of all other limitations fixed by any law of this State or any political subdivision, and that cities and towns shall have no power to pass any ordinance in conflict with said Act, etc., such Act cannot be construed to prevent reasonable traffic regulations by city ordinance.

**2.—Same—Continued.**

The City of El Paso, in passing an ordinance designating certain streets within the city as right-of-way streets, and making it a violation thereof to drive any vehicle therein from a cross street, without coming to a full stop. The fact that from eleven o'clock at night until seven o'clock in the morning there is very little traffic on said right-of-way street, would not render such ordinance unreasonable, nor in fact an effort to regulate speed in violation of Art. 820r. See Ex Parte Parr, 82 Tex. Crim. Rep. 525.

### ON REHEARING.

**3.—Same—Statute Construed.**

Art. 801. Subdivision E. Tex. P. C. 1925, commonly known as the "Rule of the Road", specifically states that same has no application to localities controlled by ordinance, or regulations rightfully enacted by local authorities, which might otherwise conflict. Under this Act the ordinance of the City of El Paso, now before us, is not conflicting, but comes within the exceptions contained in said Act, above quoted.

**4.—Same—City Ordinances—When Unreasonable.**

Where an ordinance of a city is attacked on the ground that it is unreasonable, the general rules seem favorable to upholding an ordinance

thus attacked, and if the matter is in doubt, such ordinance will be upheld. From the record before us there is nothing which convinces us that the ordinance assailed is unreasonable, capricious, or tyrannical in its effect, and so believing, appellant's motion for rehearing is overruled. See Ex Parte Gregory, 20 Tex. Crim. App. 216; Ex Parte Battis, 40 Tex. Crim. Rep. 115; Ex Parte Vance, 42 Tex. Crim. Rep. 623.

Original application for writ of habeas corpus in this court, attacking the validity of an ordinance of the City of El Paso.

*E. C. Wade, Jr.,* and *C. M. Wilchar,* pro se, for relator.

*Dave Mulcahy,* County Attorney, *Walter H. Scott,* City Attorney of El Paso; *Tom Garrard,* State's Attorney, *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Relator C. M. Wilchar was convicted in County Court-at-Law of El Paso County, for violating the city ordinance of the City of El Paso, and his punishment assessed at $1.00 and costs. He applied for and was granted a writ of habeas corpus in this court wherein he attacked the validity of said ordinance. The ordinance complained of shows the city designated certain streets as right-of-way streets and made it a violation thereof to drive any vehicle therein from a cross street without coming to a full stop.

It was agreed that relator drove into one of said right-of-way streets without stopping as the ordinance required; that El Paso was a city of about eighty-five thousand people and covers a large area; that from eleven o'clock at night to seven o'clock in the morning there is very little traffic on said right-of-way streets. Boiled down to the final analysis as we understand the record, the relator contends that said ordinance in question though under the guise of traffic regulations is a speed ordinance in fact and in violation of the Speed Statute of this State and especially Article 820r, Vernon's P. C.; and is unreasonable and void. Upon the other hand, the respondent, City of El Paso, contends said ordinance is a traffic ordinance, which the city had the right to pass and enforce. Art. 820r states limitations as to rate of speed fixed by this Act shall be exclusive of all other limitations fixed by any law of this State or any political subdivision and cities and towns shall have no power to pass, enforce or maintain any ordinance in conflict with said provisions of said Act, excepting however such powers as are now or may hereafter be vested in local authorities to enact ordinances or regulations applicable equally

or generally to all vehicles and other users of highways and providing for traffic or crossing officers or semaphores to bring about the order by passage of vehicles and other users of the public highways or certain portions thereof where the traffic is heavy and continuous. It will be readily seen from the above Statute and as we understand from the relator's brief, it is so conceded that if the ordinance in question came under that portion applicable to the traffic regulations it would be valid, but he contends that it properly falls within the speed regulations. From the record before us in this case, we are unable to agree with relator's contentions. The ordinance on its face shows that it was intended to and did apply to traffic regulation and not to speed regulations and the record tends to show as above stated that the traffic on the streets mentioned as right-of-way streets, was heavy except from eleven o'clock at night until seven o'clock in the morning. The fact that it was not heavy all the time in our opinion would not preclude the city from passing the ordinance in question. Neither do we think it is unreasonable. In case of Ex Parte Parr, 82 Tex. Crim. Rep. 525, this court held in passing upon an ordinance involving license fees, in the City of San Antonio, "the presumption that they are reasonable is not rebutted upon the face of the ordinance nor the evidence attacking it." We think this record fails to show the ordinance unreasonable. Appellant cites us to Elie v. Adams Ex. Co., 133 N. E. 244, 21 L. R. A. 1208, from the Supreme Court of Illinois. We are of the opinion that this case is not exactly in point, but if it were under the Statutes of this State, and decisions of our court construing ordinances, we would not be inclined to follow it, under the facts of this particular case. After a careful examination of the able briefs filed by both sides, we are of the opinion that the ordinance in question is valid and relator should be remanded to the custody of the sheriff of El Paso County, and it is accordingly so ordered.                              *Relator remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUUDGE.—We were not able to agree with appellant's contention originally considered, that the ordinance

attacked by him was a speed regulation; but he now urges that if same be a traffic law, it is unreasonable, arbitrary and therefore void.  He urges that for one coming to a street denominated in the ordinance a "Right-of-Way Street", to be compelled to come to a full stop before entering or crossing said street, is in conflict with Art. 820-K, Subdivision E, Vernon's 1920 Statutes (Art. 801, Subdivision E, Texas P. C. 1925), which provides that a vehicle approaching an intersection of public highways shall yield the right-of-way to a vehicle approaching such intersection from the right of such first-named vehicle—and that in case of such conflict between an ordinance and a State law, the former must fall.  The principle invoked is sound.  Branch's Annotated P. C., Sec. 416 for authorities.  However, we call attention to the fact that if there be such conflict, the full text of the Statute referred to, commonly known as the "Rule of the Road" specifically states that same has no application to localities controlled by ordinances or regulations rightfully enacted by local authorities which might otherwise conflict.  We are thus thrown back upon the general contention made, viz: that the ordinance is unreasonable and arbitrary.

General rules seem favorable to upholding an ordinance thus attacked, and if the matter is in doubt—such ordinance will be upheld.  Ex Parte Gregory, 20 Tex. Crim. App. 216; Ex Parte Battis, 40 Tex. Crim. Rep. 115; Ex Parte Vance, 42 Tex. Crim. Rep. 623.  We can not say that it is unreasonable for a city such as El Paso to declare by ordinance that certain streets shall be "Right-of-Way Streets", simply by inspection of the ordinance; nor does it suffice to show same unreasonable simply to admit that at certain times of the day or night the traffic on such streets is not heavy, or that some such street runs a mile and a half from the business center of the city, or that such street does not connect with any main artery to or from the business district, or that such ordinance may cause vehicles moving one behind the other to "bunch", or that there is expense attached to stopping and starting automobiles.  None of these considerations affect the reasonableness of an ordinance, if same makes for the safety, health and welfare of the community.  Nor does the fact that streets in the business areas are exempted by the terms of the ordinance, affect its reasonableness.

Speaking generally, when certain streets are declared right-of-way streets, this would seem to carry with it a degree of

assurance of freedom on such streets, possibly of a greater rate of speed, etc. This assurance could not exist in the absence of some corresponding restraint upon those persons entering or crossing such right-of-way streets, else all would fare alike and the ordinance be thus inoperative for the purpose intended. Traffic "bunches" in every light signal district of any city, and cars—one behind the other—must come to a stop and undergo, if that be a fact, the expense of shifting gears and starting, when allowed by such signals to proceed— but this would not support any claim that a light signal ordinance would be deemed unreasonable. Boulevards and right-of-way streets in many of our cities are situated .long distances from the business areas, and may not lead thereto, but this does not argue a transgression of the rule of reason in selecting and declaring these to be such privileged thoroughfares.

As to any claim that such ordinance is arbitrary in selecting certain streets, and thus empowering them, either in whole or in certain named stretches thereof, such selection must be shown by him who so asserts, to be the result of caprice, or without considerate determining, contrary to judgment or reason, tyrannical or despotic in its nature or operation. Such showing does not seem to have been made in the instant case. We do not know why the named streets were selected and made "Right-of-Way Streets", but must presume that the power that so created them had sufficient reason therefor, and especially in the absence of proof to the contrary.

Being unable to agree with appellant, we are compelled to overrule his motion for rehearing, and it is so ordered.

*Overruled.*