## SMITH v. LENZI.

No. 4711.   Decided July 13, 1929.   (279 P. 893.)

*Henry D. Moyle* and *J. M. Christensen,* both of Salt Lake City, for appellant.

*Van Cott, Riter & Farnsworth,* of Salt Lake City, for respondent.

BATES, District Judge. Plaintiff brought this action to recover damages for injuries to his person and to his automobile in an accident which happened at the intersection of Ashton avenue with Highland drive in Salt Lake City, Utah. It is the plaintiff's claim that the accident was caused by the failure of the defendant to observe an ordinance of Salt Lake City. On the other hand, the defendant contends that the accident was caused by the plaintiff failing to observe the right of way laws of the state of Utah.

The ordinance which plaintiff pleaded, proved, and relied on provides:

Section 1880XI. "The following streets in Salt Lake City are hereby designated as through highways and the chief of police is hereby directed to erect at the entrance thereto from intersecting streets signs notifying drivers of vehicles to come to a stop before entering or crossing such designated highways to wit: Highland Drive from Twenty-first South Street, south to City limits. * * *

Section 2. "It shall be unlawful for the driver of any vehicle to fail to stop such vehicle in obedience to a stop sign at the entrance of any through highway designated in Section 1 of this ordinance.

"The sign to be erected by the chief of police shall have upon it in large letters at least eight inches in height, the word 'Stop' and in smaller letters the words 'Thru Highway.' "

The right of way statute of this state, so far as material here (Comp. Laws Utah 1917, § 3978, as amended by chapter 47, Laws Utah 1923), reads:

"An operator of a vihicle shall have the right of way over the operator of another vehicle who is approaching from the left in an intersecting or connecting highway and shall give the right of way to an operator of a vehicle approaching him from the right at an intersecting or connecting highway.

"An operator shall reduce speed at crossings, connecting or intersecting of [all] highways. * * *"

Ashton avenue runs directly east and west, and intersects with Highland drive. Highland drive runs nearly north and south, bearing a little to the southeast. Just before the accident, defendant had driven south on the west side of Highland drive. He turned into Ashton avenue and out again into Highland drive intending to return north on Highland drive. The jury may or may not have found from the evidence that the defendant stopped at the stop sign placed on the south side of Ashton avenue, as required by the ordinance relied on, immediately before re-entering onto Highland drive. As the defendant entered Highland drive to return north, plaintiff approached the intersection from the north, driving about 25 miles per hour. Each of the parties saw the other just as defendant was entering the intersection; the plainitff being at that time not less than 35 feet nor more than 70 feet away from the intersection. The defendant was then traveling east about 10 or 12 miles per hour, and could have stopped his car almost immediately. He hoped to get across, and stepped on the gas. Just before the front end of the car reached the car tracks near the center of Highland drive, plaintiff's car crashed into him, striking his car near the center.

A verdict was returned in favor of the plaintiff, from which the defendant appeals.

The court gave the following instruction to the jury:

"The plaintiff has introduced in this case an ordinance of Salt Lake City and marked Exhibit A. You are instructed that this ordinance designates Highland Drive from 21st South Street south to the City limits as a through highway for traffic moving north and south along said Highland Drive. By said ordinance it is made unlawful for

any driver of a vehicle to fail to stop such vehicle in obedience to a stop sign at the entrance of said through highway before said driver enters upon said highway.

"You are instructed that it was the duty of the defendant, under said ordinance, when approaching said Highland Drive from Ashton Avenue on the night in question, before entering said Highland Drive, in the act of turning his car around, to stop said car and to look and listen, and to remain standing so long as the danger of a collision with passing or approaching automobiles on said Highland Drive was reasonably to be apprehended.

"That is to say that under the circumstances of this case, if you find by a preponderance of the evidence that the relative position of the plaintiff on said Highland Drive and the defendant, at the time the defendant says he stopped his car before entering said Highland drive from Ashton Avenue, and the speed at which the plaintiff was driving his automobile, were such that a collision was reasonably to be apprehended by a reasonable and ordinarily prudent person in the same or a similar situation as the defendant then was, if the defendant's car was moved forward, then, under such circumstances, it was the duty of the defendant to have remained standing and surrendered the right of way to the plaintiff."

The defendant, in his request No. 6, requested the court to give the following instruction, but the court refused to give it as requested or in substance, either in whole or in part:

"The Court instructs the jury that an operator of a vehicle shall have the right of way over the operator of another vehicle who is approaching from the left of an intersection or connecting highway and shall give the right of way to the operator of a vehicle approaching him from the right at an intersection or connecting highway. Therefore the Court instructs the jury that the law gives the driver of an automobile the right of way over the driver of an automobile approaching from the left at the intersection of public highways, and it therefore follows as a matter of law that upon the happening of a collision between two automobiles at such an intersection, the driver of the automobile on the left is necessarily guilty of negligence if the vehicles approached the crossing so nearly at the same time at such rates of speed, that if both proceeding, each without regard to the other a collision or interference between them is reasonably to be apprehended in such case the law gives to the person having the right of way, the right to continue his course and it is the duty of the other to yield that right of way."

We think the effect of the instruction as given was to submit the case to the jury upon the theory that the ordinance supersedes the statute; that is, to create a conflict between statute and ordinance where none exists. The only requirement of the ordinance is that a person stop at the stop sign immediately before entering the arterial or through highway. To so construe such a provision as to require the person entering a through highway from the right to remain standing and yield the right of way to persons approaching from the left on the arterial highway, if they are traveling at such a rate of speed that a collision is to be reasonably apprehended, and without imposing on such persons approaching from the left the statutory duties to slow down at intersections and to yield the right of way to persons approaching from the right, is to make the ordinance superior to the statute. It is the duty of courts to so construe statutes and ordinances as to give effect to every word used. Where two statutes can be so construed as to allow both to stand, that construction will be adopted. 1 Beach, Public Corporations, §§ 94, 95.

If the respondent stopped immediately before entering Highland drive, he complied with all the requirements of the ordinance. From that moment he was free to move without restriction, so far as the ordinance is concerned. As he approached Highland drive, after stopping, the statute gave him the right of way as against automobiles coming in the direction the respondent was traveling, and made it the duty of such persons approaching from the left to yield the right of way. But these rights and duties were only relative, and must be applied in the light of the conditions existing at the time. Aside from any statute or ordinance, it was the duty of both parties to use such caution as a reasonably prudent person would have done in entering the intersection. The speed that the cars were approaching, their distance from the point of intersection, the ability of the respective drivers to see, were all factors to be considered by the jury in determining whether appellant or respondent was en-

titled to the right of way. This construction gives force and effect to every word used in the ordinance, and does not in any manner conflict with the terms of the state statute.

Neither do we think that the effect of this construction is to emasculate the ordinance as claimed by respondent. The ordinance is not so far-reaching as he might wish, but it does have a very salutary effect in the regulation of traffic. When a person stops immediately before entering an arterial highway, he will necessarily enter the intersection more slowly. The rate that he is moving, the speed of the arterial traffic, and its frequency, together with any other surrounding circumstances, must all be considered, together with the statute giving to the person approaching from the right the right of way in determining whether at a given instance he should enter the stream of traffic.

The respondent urges that appellant's request was properly refused for being argumentative, because it contained the following language:

"It follows as a matter of law that upon the happening of a collision between two vehicles that the driver of the automobile on the left is necessarily guilty of negligence."

The language quoted, standing alone, does seem to be argumentative, but, when considered with the language following in the same request and in the same sentence, it is not at all clear to the writer's mind that the request is subject to that criticism, or that it is anything more than a concrete statement of the law applicable to the facts of the case as the jury might well have found them under the evidence. But, if the request is subject to the criticism offered, the fact remains that it called the attention of the court to a rule of law that was applicable to the case, and upon which the jury should have been instructed.

We have frequently held that the statute requires the court to instruct upon the law applicable to the case. Upon

a question so essential to a proper determination, and so clearly within the issues made by the pleadings, it is the duty of the court to instruct. This duty cannot be avoided because a request fairly calling the attention of the court to the principle of law may also contain some language in addition to the statement of the legal principle which may be subject to the criticism of being argumentative. *Sutton* v. *Otis Elevator Co.*, 68 Utah 85, 249 P. 437; Comp. Laws Utah 1917, § 6082; *Everts* v. *Worrell*, 58 Utah 238, 197 P. 1043.

The jury should have been instructed that it was the duty of the plaintiff to yield the right of way to the defendant as the two approached the intersection if it would have reasonably appeared to a reasonable and prudent man under the circumstances existing and the relative speed at which they were driving that a collision was to be apprehended. The jury should also have been instructed that if, under such conditions, the plaintiff failed to yield the right of way, and that such failure on his part proximately contributed to the accident, he could not recover. That, in substance, is what the defendant requested.

The appellant demurred to the plaintiff's complaint, setting out, among other grounds, that several causes of action have been improperly united in one cause of action in that the plaintiff seeks in one cause of action to recover damages for personal injuries claimed to have been suffered by the plaintiff and for injuries to the automobile he was driving and moved the court to require the plaintiff to separately state said causes. There is no merit in this contention. The two injuries complained of were occasioned at the same time by the same acts and in the same way. Any proofs under the allegations of the complaint that would tend to establish one of the injuries would with equal force tend to establish the other. The injuries complained of were fully pleaded, and the defendant was given every opportunity to present his defense that he would have had had the action been split into two causes.

Under the Code, several causes of action may be united in the same complaint where they arise out of injuries to persons and property or either. But that provision does not make it necessary to make two causes of action out of a single wrong merely because person and property are injured. Sutherland in his work on Damages, after stating the rule relied on by defendant, points out that the state courts generally hold to the contrary. Section 118.

In a note found on page 465, of 3 Ann. Cas., the following statement is made:

"In the United States, however, the better rule is that the claim for both kinds of injuries constitutes but a single cause of action, and separate actions cannot be maintained therefor."

Several other questions are raised by the appellant, but, in view of the conclusions reached, it is unnecessary to discuss them.

The failure of the court to instruct the jury upon the rights and duties of the parties as affected by the statute referred to was prejudicial to the rights of the defendant. The judgment is therefore reversed, and the cause remanded to the district court, with directions to grant a new trial; costs to the appellant.

CHERRY, C. J., and ELIAS HANSEN, J., concur.

EPHRAIM HANSON, J., being disqualified, did not participate herein.

STRAUP, J. I dissent. The chief complaint is that the court erred in giving the instruction and in refusing the defendant's request to charge, both of which are set forth in the prevailing opinion. The judgment is reversed because of error in both particulars. I think no error was committed in either.

The reasonableness or validity of the ordinance is not questioned, nor is it contended that the city had not the power or authority to promulgate it. The alleged errors

are not based on any such ground. The complaint made of the instruction is that it failed to take into consideration the law of the state requiring operators of automobiles at intersections to slow down, and failed to charge that the defendant had the right to assume the plaintiff, in approaching the intersection, would do so and that no burden or responsibility was placed on him; that the instruction failed to direct the jury that the defendant, as he entered and was about to drive over the intersection, had, under the statute, the right of way over the plaintiff, who was approaching the intersection to the defendant's left, the defendant in such respect urging that, when he had stopped at the stop signal, he did all that under the ordinance he was required to do, and having stopped he then had the right immediately to go forward and enter and drive over the through highway or street and that one approaching him to his left was required to yield him the right of way. Such, too, in effect, is also the holding of the prevailing opinion. The trial court took the view and charged the jury that the defendant was not only required to stop but to remain standing "so long as danger of a collision with passing or approaching automobiles on said Highland Drive [the through street or highway] was reasonably to be apprehended," and that if the jury found the relative positions of the parties were such that a collision was reasonably to be apprehended "if the defendant's car was moved forward, then under such circumstances it was the duty of the defendant to have remained standing and surrendered the right of way to the plaintiff." In other words, the trial court recognized the reasonableness and validity of the ordinance and gave it effect.

In view of the evidence, I think the charge was correct. Certainly the defendant, after having stopped as he was required to do, could not claim the right to then immediately enter and attempt to drive over the intersection when to do so was in effect to drive in front of a moving and an approaching car, or when to do so it otherwise was reasonably apparent a collision would result. The accident occurred

on a dark night. There was a gas station on the northwest corner of the intersection and an automobile in front of it, which to some extent obstructed the view as the plaintiff approached the crossing. The defendant testified that, as he entered the intersection, he discovered plaintiff's car approaching about 70 feet away and stepped on the gas with the hope of passing over in safety. He further testified *he realized that plaintiff's car might reach him before he got across.* The plaintiff testified that he was only about 35 feet away when the defendant entered the intersection, and that, as soon as he discovered him, the plaintiff did all he could to stop and avoid the collision, but was unable to avoid it. The defendant, as he testified, was traveling about 10 or 12 miles an hour, the plaintiff, as he testified, about 25 miles an hour. If under the circumstances the jury found, as they could, that the plaintiff was only about 35 feet from the crossing when the defendant entered it and attempted to pass over it, almost in front of plaintiff's approaching car, the jury also could find that reasonable prudence and care on the part of the defendant required him to anticipate danger of a collision entering and attempting to drive over the crossing under such circumstances, and hence was guilty of negligence in attempting to do so. Though it be assumed, as is contended by the defendant, that he at the intersection had the right of way, nevertheless his right was not exclusive, but was only relative and subject to the duty and obligation imposed on him to use the right as not to injure another. His duty to use due care to avoid a collision still remained reciprocal. In other words, he could not thrust himself into apparent danger which he reasonably could have avoided and defend his course on the ground that he had the right of way. 1 Blashfield, Cyc. of Automobile Law, 492; notes to cases, 21 A. L. R. 988.

The charge complained of implies no more by directing the jury that, after the defendant had stopped at the stop signal, as he was required to do, he could not go forward and attempt to enter and pass over the through highway, if

to do so a collision with passing or approaching automobiles was reasonably to be apprehended. The contention of the defendant to the contrary renders the apparent and real purpose of the ordinance ineffectual. If, as is contended, all that the defendant, in obedience to the ordinance, was required to do, was merely to stop, and then, regardless of conditions or circumstances, was privileged to enter and drive over the through highway and compel passing or approaching automobiles to his left to look out, protect him, and yield him the right of way, the ordinance establishing a through highway and requiring stop signals on streets intersecting it is rendered of no substantial use. It is not contended that legal power was not conferred on the city to regulate the use of its streets and the traffic upon them, or that it was not competent for the city to establish a through highway, or to require vehicles approaching it on streets intersecting it to come to a full stop. I think the weight of authority is to the effect that it is competent for a municipality having conferred upon it power to regulate and control the use of its streets and the traffic upon them to establish one-way or through streets and stop signals within its corporate limits and to regulate and control traffic upon its streets, if the ordinance or regulation in such respect is not unreasonable, and that such an ordinance or regulation is not regarded as being in conflict with or in contravention, but in aid of a statutory law prescribing rights of way of vehicles at and approaching intersections of public highways. 1 Blashfield, Cyc. of Automobile Law 228, 229; *Carey* v. *Guest,* 78 Mont. 415, 258 P. 236; Ex parte Wilchar, 102 Tex. Cr. R. 549, 278 S. W. 850; *Seager* v. *Foster,* 185 Iowa 32, 169 N. W. 681, 8 A. L. R. 690; *Elie* v. *Adams Express Co.,* 300 Ill. 340, 133 N. E. 243. Since the competency or the reasonableness of the ordinance is not questioned, it is our duty to give it a fair and reasonable meaning and one consonant with the spirit and purpose of it and not one which destroys the efficacy of it or renders it useless. One of the undoubted purposes of establishing

a through street or highway is to expedite, facilitate, and control the trafffic upon it. To accomplish that, a somewhat freer use or assurance is given to drivers upon it than is given on other streets and a corresponding restraint put on those approaching it on streets intersecting it. To hold that, when one approaching a through highway or street has stopped at the stop signal and then immediately, regardless of conditions or the situation, is privileged to enter the intersection and compel passing automobiles to his left to yield him the right of way and permit him to do so, constitutes a full compliance with the ordinance, and that to hold otherwise is an unreasonable interference with the motorist's statutory right of way, is to destroy the purpose and object of establishing a through highway. If the direction in the charge that a motorist, after having stopped at the stop signal, is not privileged to move forward and enter and attempt to drive over the through highway or street, if the situation is such that to do so is likely to cause a collision, is an undue restriction of his statutory right of way, then is the requirement to stop at the stop signal also an undue restriction of such right. To claim that it might as well be claimed that stop light signals and stop signals of officers on streets in business districts of municipalities requiring motorists to stop and stand and yield the right of way to motorists to their left as well as their right to enter or cross the street and to remain standing until a signal is given to move forward, also constitute undue interferences with a motorist's right of way prescribed by the statute. I think it clear that by the statute prescribing rights of way on public highways of the state it was not the intention to take from municipalities power or authority to make and enforce reasonable traffic regulations with respect to the use of their streets by motor or other vehicles driven on them. On crowded or much-traveled streets public safety demands such regulations. When the statute says the speed limit of motor or other vehicles on a public highway of the state shall not exceed 30 miles an hour, that does not mean

that a motorist may drive along a crowded or much-traveled street of a municipality at 30 miles an hour, and that any municipal regulation or ordinance which forbids it is an infringement of his statutory right.

The claim made that the charge complained of did not direct that the plaintiff, in approaching the intersection, was required to slow down or that no duty or responsibility was imposed upon him is not tenable, for the reason that the court in other portions of the charge charged the jury that one operating an automobile on a public street or highway, among other things, was required to use reasonable and ordinary care to prevent injury to others using the highway, that he was required to drive in a careful and in a prudent manner and at a speed not greater than was reasonably safe and so as not to injure another, and that in approaching crossings and intersections of streets and highways he was required to reduce the speed, and that a duty was imposed upon him to see persons and vehicles in front of him and to use all reasonable measures to avoid collisions. That charge applied to the plaintiff as well as to the defendant. I am thus of the opinion that no error was committed in the charge complained of.

The statement in the prevailing opinion that the trial court by the instruction submitted the case on the theory that the ordinance superseded the statute on the question of right of way, does not, as I think, reflect the instruction. What the court told the jury was that the defendant, before entering the through highway, was required to bring his car to a stop, "and remain standing so long as the danger of a collision with passing or approaching automobiles on said Highland Drive was reasonably to be apprehended." That, the defendant contends, deprived him of his statutory right of way, because, as he urges, he, after he had stopped, had the right to immediately move forward and enter the through highway, and, if in doing so there was danger of a collision from those approaching him from his left, it was

their duty, not his, to slow down or stop and avoid the collision. In the prevailing opinion it is not stated whether the charge in such respect is wrong or not, or whether or not it, as contended by the defendant, deprived him of his asserted statutory right. While it is held in the prevailing opinion that, when the defendant stopped, he had complied with all of the conditions of the ordinance, and then from that moment was free to go forward without restriction and as he approached the through highway it was the duty of those approaching him from his left to yield him the right of way, still it further and in connection therewith is also stated that such right was "only relative and must be applied in the light of the conditions existing at the time," which, together with the speed the cars approached, their distance from the intersection, and the ability of the drivers to see, were all factors to be considered in determining "whether the appellant or the respondent was entitled to the right of way." In view of such holding, it is somewhat difficult to perceive wherein the instruction was erroneous. The instruction, in substance, is that the defendant, in approaching and before entering the through highway, was required to stop and "remain standing so long as the danger of a collision with passing or approaching automobiles on said Highland Drive was reasonably to be apprehended," and then if the jury found that the relative positions of the parties, and the speed at which the plaintiff was driving "were such that a collision was reasonably to be apprehended if defendant's car moved forward, then he was required to remain standing and yield the right of way to the plaintiff." I see nothing wrong in that. Certainly the defendant cannot urge that he had the right to drive into an apparent danger and defend his course by asserting he had the right of way. I think the charge is in harmony even with what is stated in the prevailing opinion, that the right. to the statutory right of way was but relative and must be applied in the light of existing conditions. The trial court so applied it, and recognized that by the establishment of

the through highway certain restrictions were placed on those approaching and entering it from intersecting streets. To say that such view superseded or annulled the statutory right of way is but to say that through highways may not be established and enforced because to do so is an infringement on the statutory right.

Now, as to the refused request. What is urged against it is not only that it is argumentative, but chiefly that it is wrong in substance. The first sentence of the request embodies the proposition that an operator of a vehicle has the right of way over an operator approaching from his left at an intersecting or connecting highway regardless of circumstances or conditions, and regardless of the ordinance establishing a through highway. I need but point to the language of the prevailing opinion that such right is but relative and must be applied to existing conditions to show that the request, stated as broadly as it is, is wrong in view of "existing conditions" and circumstances in evidence. The request entirely ignores all efficacy of the ordinance. Such a request, without modifications, for reasons already stated, would in effect nullify all municipal traffic regulations no matter how reasonable or efficacious they may be, and implies that a municipality could not legally establish a through street and restrict those approaching and entering it from streets intersecting it, nor properly could promulgate light or stop signals or other reasonable traffic regulations notwithstanding public safety required and demanded it.

Then let the remaining sentence of the request be noticed, which is still more faulty. It is to the effect that, since the law gives a driver of an automobile the right of way over a driver approaching him from the left, if a collision occurs at a crossing, it follows, as matter of law that the driver approaching from the left was *necessarily guilty of negligence,* if the vehicles approached the crossing so nearly at the same time and at such speed that, if the speed of the

one was not arrested a collision was reasonably to be apprehended. The request asked that such negligence, regardless of existing conditions or circumstances, except approaching the crossing by two vehicles at nearly the same time and if the speed of the one were not arrested a collision might reasonably be apprehended, be declared, not merely prima facie negligence, but conclusive negligence, negligence as matter of law, and, too, regardless of the ordinance, and regardless of all other conditions and circumstances in evidence. The request again embodies the proposition contended for by the defendant all through the case, that the statutory law prescribing rights of way at intersections of public highways was the motorist's flag warning every one to his left to let him pass under all conditions and circumstances, and regardless of the establishment of through highways and of all other municipal traffic regulations, notwithstanding in his attempt to do so under particular conditions or circumstances and the relative position of the parties, it was reasonably probable a collision would result. That is what the court charged the defendant could not do, and what is so charged is as I think, supported by the undoubted weight of authority. I think the substance of the request is not in harmony therewith nor even in harmony with what is said in the prevailing opinion as to the relative and respective rights and duties of the parties. Yet, because the court did not give the request as presented, and because it charged as it did, the judgment is reversed. I think the request wrong, not merely in form, but wrong in substance, and therefore was properly refused.

As to other matters discussed in the opinion and with the conclusions reached with respect to them, I concur. I am thus of the opinion that the judgment should be affirmed.

FOLLAND, J. I concur in the views expressed by Mr. Justice STRAUP in the dissenting opinion.