(136 So. 596)

**STEINER v. CITY OF NEW ORLEANS.**

No. 31241.

July 17, 1931.

Michel Provosty, City Atty., and Henry B. Curtis, Asst. City Atty., both of New Orleans, for appellant.

Leopold Stahl, of New Orleans, for appellee.

Stanley W. Ray, of New Orleans, amicus curiæ.

BRUNOT, J.

This is an appeal, by defendant, from a judgment in favor of the plaintiff, for $3, with legal interest thereon from February 7, 1931, and decreeing section 16 of article 3 of General Traffic Ordinance No. 7490, Commission Council Series, of the City of New Orleans, adopted August 11, 1923, unreasonable and unconstitutional.

The section is as follows:

"*Impounding Vehicles for Violation of Parking Rules.* Any unoccupied vehicle of any kind or description whatever found violating the provisions of this ordinance shall be immediately removed and impounded by any police officer or duly authorized person and shall only be surrendered to the duly identified owner thereof upon the payment of $3.00 hereby declared to be the pound fee covering same."

The plaintiff does not allege that his car was not parked in violation of the traffic ordinance, nor does he allege that the police were not justified in impounding it. His complaint is that, after the car was impounded, the police refused to return it to him until he had paid the pound fee. The plaintiff's theory is that, because the ordinance provides that the owner of an impounded vehicle must first pay the pound fee before he can regain possession of his property, the ordinance violates article 1, section 2, of the Constitution of 1921. The section reads:

"No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid."

Plaintiff's attack upon the ordinance is predicated upon the erroneous assumption that due process of law necessarily implies judicial process. Ordinance No. 7490 was enacted under the police power of the municipality, for the protection of the welfare and

safety of the community. No court, whether state or federal, has attempted to definitely prescribe the limits within which the police power may be exercised for the protection or preservation of the public health, welfare, morals or safety. We need not go out of Louisiana to find authority for holding that in many cases judicial process is not necessary. In State v. Jackson, 152 La. 656, 94 So. 150, 152, this court said:

"The contention of the defendant that the Hood Act is unconstitutional, in that said act deprives a person of his property without due process of law, is not well founded, as a state may in the proper exercise of its police power, authorize the destruction of such property as has become a public nuisance, or has an unlawful existence or is obnoxious to the public health, public morals, or public safety, without compensation and without judicial inquiry, notwithstanding that prohibition in section 1, art. 14, of the Amendments to the Constitution of the United States. Fischer v. St. Louis, 194 U. S. 361, 24 S. Ct. 673, 48 L. Ed. 1018; City of New Orleans v. Charouleau, 121 La. 890, 46 So. 911, 18 L. R. A. (N. S.) 368, 126 Am. St. Rep. 332, 15 Ann. Cas. 46; Houston v. State, 98 Wis. 481, 74 N. W. 111, 42 L. R. A. 39."

■ There is quite a difference between the enforcement of police regulations by a municipality, acting under its general charter, and the state at large. In urban centers of congested population, municipal regulations are usually more stringent, and for that reason a municipal regulatory ordinance, in contravention of the natural rights of individuals, must be reasonable. In R. C. L. vol. 19, p. 807, it is said:

"In determining what is reasonable, much depends upon the requirements of different localities, the density of population of the town in which the ordinance has been enacted and the dangers and evils prevalent therein, and what would be reasonable in one place might be highly unreasonable in another. * * * It is well settled that when an ordinance is passed relating to a matter which is within the legislative power of the municipality, all presumptions are in favor of its validity, and when it is attacked the burden is on the party alleging its invalidity to establish that fact."

■ The plaintiff has offered no testimony whatever as to the reasonableness or unreasonableness of the ordinance or of the fee fixed by the ordinance for impounding vehicles parked in violation thereof, and, as the passage of the ordinance was a matter within the legislative power of the commission council, we think the ordinance is reasonable and constitutional.

■ Defendant, in connection with its answer, filed a plea of estoppel and exceptions of no right and no cause of action.

The plea of estoppel was based upon the plaintiff's payment of the pound fee. The fee was paid under protest, and therefore, the plea of estoppel was properly overruled.

Having reached the conclusion that the ordinance is reasonable and constitutional, whether or not the petition alleges a right or cause of action is not material.

For the reasons stated, the judgment appealed from is avoided, and plaintiff's suit is dismissed, at his cost in both courts.