24 So.2d 755

## McLAURINE v. CITY OF BIRMINGHAM et al.

### 6 Div. 412.

Supreme Court of Alabama.
Jan. 31, 1946.

Wade H. Morton, of Birmingham, for appellant.

Ingram Beasley, of Birmingham, for appellees.

FOSTER, Justice.

This is an appeal under section 1057, Title 7, Code, from an order refusing to issue a temporary writ of injunction on appellant's bill, after a hearing under section 1054, Title 7, supra.

Appellant in his brief states his case as follows:

"The bill attacked the validity of and the manner of enforcing a certain ordinance of the city, which provides:

"'Any vehicle parked upon a public street of the city at a place, in a manner or for a length of time prohibited by an ordinance

of the city is, if unoccupied, hereby declared to be an obstruction in such street and a public nuisance, and any police officer of the city is hereby authorized to cause the same to be removed to, and impounded in, the depository provided by the city for such purpose.' (Ord. 1149—1944 City Code.)

"The bill attacked the validity of the ordinance upon the ground that it is void in that it deprives complainant of property without due process of law, equal protection of the law, and privileges and immunities guaranteed to him by the Fourteenth Amendment to the Constitution of the United States of America; and Article 1, section 35, of the 1901 Constitution of Alabama; and Article 1, section 6, of the 1901 Constitution of Alabama, separately and severally. The theory of the case is first: that the ordinance is unconstitutional and void on its face; second, the manner and means of its enforcement is oppressive, unjust, arbitrary and unreasonable, and without warrant in law or fact. * ' * *

"By another ordinance of the city it is made unlawful to park one's car, at the same place, within certain defined area of the downtown section of the city for more than one hour, between the hours of 7 A. M. and 7 P. M., except on Sunday. This ordinance is commonly known as the limited parking ordinance. (Ordinance No. 11907, 1944 City Code.)"

Appellant was afflicted and could not use his legs, and his car was provided with appliances whereby it could be operated with his hands. He parked it every day near his place of business in the area where parking was prohibited for more than an hour, between 7 a. m. and 7 p. m.

Application was made to respondent Connor, as city commissioner of public safety, to make some provision to allow complainant to park his car at or near his place of employment longer than provided by ordinance. This was denied. Such denial was probably justified by some circumstances not made apparent on this appeal. For several years he received parking tags for overtime parking, and paid them all until shortly after the beginning of 1943. It is alleged that the officers began a system of discriminating against him, by concealing themselves and waiting until the time had passed and then tagging his car without doing the same to others, and without using the ordinary system of marking and tagging all cars parked overtime in the area. We do not know what circumstances justified that. This continued throughout the year 1943, and overtime tags were given him, and by August 1944 the city had collected for twenty-two overtime tags. He began to contest in court and appealed his cases to the circuit court. The cases have never been tried, but were set for trial on January 15, 1946.

That in August 1945, the chief of police of the city went to see appellant and advised him that he had instructions from the commissioner of public safety (appellee Connor) to impound his car if again found parked for more than one hour within the limited parking area.

On August 11, 1945, he again parked his car within the area, and from 10:15 a. m. to 11:18 a. m. it remained so parked under observation of police officers, who went there for the purpose of checking it up. About that time the complainant went to the place where his car was parked and found the police officers there. They refused to allow him access to it, stating that respondent Connor had instructed them to haul it in and impound it in the Ace Garage, which they did. Later he was tried before the city recorder for violating Ordinance No. 1149, with reference to impounding the car, but does not seem to have been tried under the ordinance limiting the time for parking. He was fined $1 and costs.

It was stipulated and agreed that complainant's car was parked within the area limiting the time to one hour; that he was present in person when his car was taken, and that he offered to move it; that the taking and impounding of his car was without any order, decree or judgment of the court.

At the time of the trial in the recorder's court the record shows that appellant had about fifty cases against him for violating the parking ordinance.

It is alleged that the city officers threatened to continue to impound appellant's car if parked unoccupied within the limited parking area for more than one hour. As a result of these threats, he is deprived of the use of his car in his employment, and will have to pay an additional sum of $2 to recover it after it is impounded.

The two questions raised on this appeal are whether the ordinance which provides for impounding the car unoccupied, if it

has been parked for a time longer than authorized, when such impounding is without judicial authority, amounts to depriving him of his property without due process of law, and also whether the manner in which the ordinance has been and is proposed to be enforced with respect to him is arbitrary, and deprives him of the equal protection of the law, assuming it to be valid; and if not valid, or is arbitrarily enforced, he seeks an injunction against the city from impounding his automobile as threatened regardless of whether it has been parked at the particular place in violation of the ordinance of the city fixing a limit of time for such parking.

At the time inquired about it may be conceded that appellant's car should not have been impounded by the officers in view of the fact that when they moved it, appellant was present in person and offered to move it himself.

 The justification for summarily impounding the car, if it has been parked overtime in such an area, as provided in the ordinance, is that when it is left unoccupied for such time it is a nuisance. The theory is, as declared in the ordinance, that a car left in such area unoccupied is an obstruction in the street and therefore a nuisance, and may be removed as such. Using the word "unoccupied" the ordinance must mean *unattended* in such a way as that it will not presently be moved by the owner of the car; for if he is ready, able and willing to do so he should be permitted to do it, and not be subject to the sanctions of the ordinance. 43 Corpus Juris 406, § 525, page 408, § 527, note 33.

 Giving the ordinance that construction, it does not violate the constitutional rights of complainant to due process (see Steiner v. City of New Orleans, 173 La. 275, 136 So. 596), since it may be a nuisance per se under such circumstances. It would be unreasonable before the city authorities could summarily remove the car to require them to have a judicial determination that it is a nuisance when it is an obstruction in the streets, and is a nuisance per se violating an ordinance. The law does not make such a requirement. 44 Corpus Juris 1012, § 3825; 46 Corpus Juris 755, § 357; Spear v. Ward, 199 Ala. 105, 74 So. 27; City of Birmingham v. Graves, 200 Ala. 463, 75 So. 395. Section 654 (Pocket) Title 62, Code, confers on Birmingham full, complete and unlimited police power. Section 505, Title 37, Code,

confers on all cities and towns the right to cause all nuisances to be abated. Such is the effect of Ordinance No. 1149, City Code (1944). It is not therefore void on the contention that it deprives complainant of due process.

 Assuming that at the particular time when appellant's car was impounded for being parked in violation of the parking ordinance, there were other cars parked in the area for overtime, which were not impounded for so doing, the showing made by appellant that he consistently violated the law over a period of years, whereby some seventy or more charges were brought against him, was sufficient to justify an inference that his attitude toward the parking law was one of persistent violation, purposely and intentionally done. Before an effort was made to impound his car, the chief of police warned him that unless he quit violating the ordinance, it would be necessary to do so. All of this taken together refutes the statement of his conclusion that the ordinance was being enforced against him arbitrarily and unequally. Moreover, if his car was subject to be impounded on account of his violation of the ordinance, he cannot have an injunction operative when he has so violated it, because the city has not used its power in other cases similarly situated in an exercise of a reasonable discretion. McCraney v. City of Leeds, 241 Ala. 198, 1 So.2d 894. This principle is not opposed to that declared in Walker v. City of Birmingham, 216 Ala. 206, 112 So. 823.

 When a complainant is seeking to obtain a temporary injunction all presumptions and ambiguities are taken against him. McHan v. McMurry, 173 Ala. 182, 55 So. 793; Dean v. Coosa County Lumber Co., 232 Ala. 177, 167 So. 566.

 It will also be observed that the complainant does not deny violating the parking ordinance in his bill, and does not allege that the city authorities propose to impound his car when he was not violating the city ordinance, and therefore he comes into court seeking equitable relief with respect to a situation where it is admitted, either expressly or impliedly, that he is violating the city ordinance fixing a time limit, whose validity is not questioned. A court of equity will not grant him relief under those circumstances whether or not the impounding ordinance or the manner

418

of its enforcement may be in violation of certain features of the Constitution or law. His contention that the ordinance is invalid must be raised in defending against charges based on it in the recorder's court or other courts on appeal, or in some action at law; for a court of equity will deny him relief on account of his unclean hands in violating a valid ordinance which is necessary to the enforcement of the impounding ordinance. Montgomery v. Ward, 227 Ala. 641, 151 So. 583; Montgomery v. Wadsworth, 226 Ala. 667, 148 So. 419; Durr Drug Co. v. Acree, 239 Ala. 194, 194 So. 544.

There was no error in denying the temporary injunction prayed for.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.