### MILLER v. ALLEN et al.
### No. 12535.

Court of Civil Appeals of Texas.
San Antonio.

March 25, 1953.

Rehearing Denied April 22, 1953.

Harrison & Smallwood, San Antonio, for appellant.

Harvey L. Hardy, City Atty., James V. Mondin, C. J. Matthews, San Antonio, for appellees.

NORVELL, Justice.

An ordinance of the City of San Antonio provides that motor vehicles illegally parked in prohibited areas upon the streets of the City may be removed by the police and that towing and storage fees incident to such removal may be charged. On April 5, 1952, the appellant, Rose L. Miller, parked her automobile in the 300 block of South St. Mary's Street, one of the principal thoroughfares of the City of San Antonio, where it was found by the police around 4:30 p. m. Under the City traffic ordinance no parking was permitted in this area during the peak traffic hours, that is, between 4:00 and 6:00 p. m. on all days except Sunday. The car was removed from the street by the police and towing and storage charges were placed against it in accordance with the ordinance.

Mrs. Miller sought a permanent injunction against R. D. Allen, Chief of Police and the City of San Antonio, restraining them "from again taking possession of her automobile under the purported authority of said alleged ordinance." This relief was denied by the trial court.

One point only is presented by the appellant here, namely, that the ordinance was rendered invalid because of the manner in which it had been enforced. The

celebrated case of Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 1073, 30 L.Ed. 220, is relied upon, wherein the Supreme Court of the United States said:

"Though the law itself be fair on its face, and impartial in appliance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution."

However, the statement of facts fails to show that the ordinance was administered with an unequal hand and that appellant was the victim of unjust discrimination. On the contrary, a remarkable degree of uniformity in the enforcement of the ordinance is indicated. Captain W. A. Cain, who was in charge of the police storage lot and the records thereof, testified that out of a total of 2,067 cars brought in under the ordinance since April 21, 1952, to September 19, 1952 (the date of trial), only twenty-four had been released without a charge for towing having been made.

Various reasons for the release of certain automobiles are disclosed by the record, such as mistakes on the part of police officers, undue hardship occasioned to non-residents of the city, presumedly unacquainted with the applicable time and parking regulations, and the like. There was no showing that appellant as an individual or as the member of a class, was the victim of unjust discrimination in the enforcement of the ordinance. The exercise of some common sense and ordinary courtesy in the enforcing of traffic regulations does not render them illegal or unenforcible. The fact "that enforcement officers impound one car, while, in the exercise of reasonable discretion, they omit to impound others also unlawfully parked, is not regarded as amounting to a denial of equal protection of the laws." Annotation, 163 A.L.R. 966.

The judgment appealed from is affirmed.