Floyd B. PARK, Jr., Appellant,

v.

Lee ADAMS et al., Appellees.

No. 3349.

Court of Civil Appeals of Texas.

Waco.

April 19, 1956.

Henrichson, Bates & Hall, Edinburg, for appellant.

Allyn Zollicoffer, Donna, Kelley, Looney, McLean & Littleton, Edinburg, for appellees.

HALE, Justice.

On June 4, 1954, the City of Donna, Texas, adopted a comprehensive ordinance relating to the installation and use of parking meters on a part of its streets in the business section of the city. Section 17 of the ordinance relative to the impounding of vehicles, provided as follows: "In the event any vehicle shall be found standing or parked in or upon any regularly designated parking meter space, or in or upon any street within the Parking Meter Zone established by this ordinance, in violation of and contrary to any of the provisions of this ordinance, the same shall be a nuisance per se, and shall be removed by any police officer and taken to some place designated by the Chief of Police for such purpose, and there kept by such officer until application for its redemption shall be made by the owner or his duly authorized agent, who shall be entitled to the possession thereof upon payment to the City of Donna of the sum of Two Dollars ($2.00) together with all other costs of removal and storage that may have accrued thereon. In the event the vehicle impounded shall not be redeemed by its owner or his agent, within five (5) days, then such vehicle shall be sold for such penalty, charges and costs, in the manner provided by State Statute of the State of Texas for the sale of impounded stock."

On September 2, 1954, appellee, Lee Adams, acting in his capacity as Chief of Police of the City of Donna, assisted by Joe Wills, took possession of a 1949 Ford pick-up truck belonging to appellant while said truck was parked in a parking meter zone in violation of the provisions of the parking meter ordinance. On September 4, 1954, appellant instituted this suit against Adams and Wills for possession of the truck and for additional injunctive relief, restraining appellees from selling the truck or from further molesting or harassing him in the use and enjoyment thereof.

The case was tried before the Court without a jury. After hearing the evidence, the Court was of the opinion, as recited in the judgment appealed from, that the ordinance under which appellees acted "in impounding the car of the plaintiff for a violation of such ordinance, is valid in so far as its provisions relating to the rights of impounding automobiles for violation thereof is concerned, and that the provision for impounding cars for violation of such ordinance is a reasonable exercise of the municipality's police powers, and that the defendants' acts in impounding the car of the plaintiff in the instant case were duly and validly authorized by the said ordinance; that the provision of such ordinance relating to the sale of such vehicles is vague, indefinite and uncertain and hence unenforceable; that the provisions of the ordinance relating to the sale of the vehicle impounded herein are separable from those relating to the impounding thereof; and the Court was of the further opinion that in the trial of this cause, the plaintiff has failed to show that the ordinance was unreasonable, arbitrary, un-constitutional, primarily intended as a revenue raising measure or any other matter which may authorize the Court to hold the same entirely invalid and grant the relief sought by the plaintiff." Accordingly, the Court rendered judgment decreeing that appellant's prayer for possession of the truck be in all things denied, and that his prayer for injunctive relief restraining appellees from selling the truck under the provisions of sale in the ordinance be in all things granted.

Appellant predicates his appeal upon three points of error, as follows: (1) "The trial court erred in rendering judgment allowing the appellees, under the terms of the ordinance in question, to retain possession of appellant's vehicle until such time as appellant should pay the costs of removal and storage, and a penal sum of Two Dollars"; (2) "The trial court erred in holding that appellees could, by virtue of the ordinance in question, impound and retain possession of appellant's vehicle when the sole ground for such action on the part of appellees was based on the fact that the ordinance stated that a vehicle such as appellant's constituted a nuisance per se"; and (3) "The trial court erred in upholding the appellees' right to act under the ordinance in question for the reason that said ordinance, upon its face, and upon the facts adduced in the trial court, was clearly demonstrated to be without the valid police powers of the municipality, to be harsh and unnecessary, and not to constitute a reasonable restraint." In addition to the three counter points in the brief of appellees in reply to the points raised by appellant, appellees present the following cross assignment of error: "The trial court erred in enjoining the appellees from the sale of the vehicle on the basis of its holding that the provisions of the ordinance regarding the sale were vague, indefinite, and uncertain, and hence unenforceable."

In summarizing his contentions under the foregoing points of error, appellant says: "It is appellant's position in this brief that the facts before the trial court and the issues raised by the pleadings clearly showed that the defendants, appellees here, were in their attempt to enforce an invalid ordinance seeking to extract a penal sum from appellant without affording him any opportunity to be heard in any court, and were further attempting to justify their actions on the grounds that an automobile overparked was a nuisance per se when such cannot be the law, and

were further exercising their police power in a harsh, arbitrary, aggressive, unreasonable and unwarranted manner." After due consideration of the record before us, we have concluded that appellant's contentions are not well founded, and that each of his points should be overruled, for reasons which we shall note briefly.

The law is well settled in Texas that cities are vested with exclusive dominion, control and jurisdiction in, over and under their public streets, and that, in pursuance thereof, they may provide by ordinance for the installation and use of parking meters as a means of proper traffic regulation. Harper v. City of Wichita Falls, Tex. Civ.App., 105 S.W.2d 743, er. ref.; Ex parte Harrison, 135 Tex.Cr.R. 611, 122 S.W.2d 314; Harrison County v. City of Marshall, Tex.Civ.App., 253 S.W.2d 67, er. ref. In discussing the various methods generally provided for the enforcement of parking regulations, it is said in 7 McQuillin on Municipal Corporations, 3rd Ed., page 697, Sec. 24.651: "Provision may be made for the hauling away and impounding of vehicles violating parking regulations.[91] Thus, ordinances declaring illegal parking to be a nuisance and authorizing the removal of offending vehicles and their retention by the chief of police until payment of charges have been sustained.[92] Such an ordinance does not deprive an automobile owner of his property without due process of law or deny to him equal protection of the laws.[93] Paying a fee, under protest, where an automobile has been impounded for violating a parking regulation, does not estop the owner from a suit to recover the fee.[94]"

The ordinance involved in the case of McLaurine v. City of Birmingham, 247 Ala. 414, 24 So.2d 755, 758, provided that any vehicle parked upon a public street for a length of time prohibited by the ordinance should constitute a "public nuisance" and authorized any police officer to remove the same from the street and impound it in a place provided for that purpose. In holding that the ordinance did not violate any constitutional right of the owner of the vehicle to due process, the court said: "* * * it does not violate the constitutional rights of complainant to due process (see Steiner v. City of New Orleans, 173 La. 275, 136 So. 596), since it may be a nuisance per se under such circumstances. It would be unreasonable before the city authorities could summarily remove the car to require them to have a judicial determination that it is a nuisance when it is an obstruction in the streets, and is a nuisance per se violating an ordinance. The law does not make such a requirement. 44 Corpus Juris 1012, § 3825; 46 Corpus Juris 755, § 357; Spear v. Ward, 199 Ala. 105, 74 So. 27; City of Birmingham v. Graves, 200 Ala. 463, 75 So. 395."

In the case of Hughes v. City of Phoenix, 64 Ariz. 331, 170 P.2d 297, the Supreme Court of Arizona held that a city ordinance declaring any unoccupied vehicle found violating the ordinance to be a nuisance and authorizing the chief of police to seize and impound such vehicle until payment of removal charges in the sum of $4, plus 50¢ a day for each day the vehicle is kept in custody, was a valid ordinance. For other cases similar in effect to the holding in the McLaurine and Hughes cases, see: Jackson v. Copelan, 50 Ohio App. 414, 198 N.E. 596; M. L. Weiss, Inc., v. Whalen, 135 Misc. 290, 238 N.Y.S. 95; Steiner v. City of New Orleans, 173 La. 275, 136 So. 596; Roach v. City of Shreveport, 8 La.App. 339. Appellant has not cited any case arising in this or any other jurisdiction holding that an impounding ordinance such as is involved in the present appeal is invalid, and we have not found any case that so holds.

"91. McLaurine v. City of Birmingham, 247 Ala. 414, 24 So.2d 755, [163 A.L.R. 962.]."

"92. Hughes v. City of Phoenix, 64 Ariz. 331, 170 P.2d 297."

"93. McLaurine v. City of Birmingham, 247 Ala. 414, 24 So.2d 755."

"94. Steiner v. City of New Orleans, 173 La. 275, 136 So. 596."

While Section 17 of the ordinance here under consideration refers to "the sum of Two Dollars ($2.00) together with all other costs of removal and storage" as "penalty, charges and costs," the same items are referred to in Section 18 of the ordinance as "impounding fee and costs." The ordinance also provides in substance that the fees therein specified are charged as "police regulation, supervision and inspection fees to cover the cost of the installation, maintenance, inspection, operation, control and use of parking spaces and parking meters described herein, and of checking up and regulating the parking of vehicles in the Parking Meter Zone created hereby." Consequently, it appears to us that the minimum sum of $2, together with all other costs of removal and storage, was not intended as a penal sum in the sense of imposing a fine to be extracted from the owner of an overparked vehicle, but was intended as a charge or penalty in the sense of requiring the owner of an overparked vehicle to pay the reasonable cost of impounding such vehicle and safely keeping the same for the benefit of the owner thereof.

From the evidence in the record before us, we cannot say the City of Donna exercised its police power in an arbitrary or unreasonable manner in adopting Section 17 of the ordinance in controversy, or in impounding appellant's truck. As said in 30A Tex.Jur., page 365, section 365: "The municipality's governing body has the power to determine in the first instance the reasonableness and necessity of regulatory restrictions adopted under the police power; and their action in the matter is final and conclusive, and cannot be revised by the courts, unless it is clearly made to appear that it was arbitrary and unreasonable, and a clear abuse of power." See: Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475; Ex parte Wilchar, 102 Tex.Cr.R. 549,

278 S.W. 850; City of Galveston v. Galveston County, Tex.Civ.App., 159 S.W.2d 976, er. ref.; Gray v. S. T. Woodring Lumber Co., Tex.Civ.App., 197 S.W. 231; City of San Antonio v. Fetzer, Tex.Civ. App., 241 S.W. 1034, er. ref.

Although the evidence shows that appellant's truck was the only vehicle which had been impounded during the period of three months in which the ordinance had been in operation, the evidence also shows that from the 14th to the 27th day of August, 1954, appellant's truck had been tagged nine separate times for violating the ordinance. The testimony indicates a hostile and belligerent attitude on the part of appellant against the enforcement of any provision in the parking ordinance. Being the chief offender against the enforcement of the ordinance, it does not appear unreasonable to us that he had conferred upon him, as he says, "the dubious honor of being the only person ever to have his car impounded in the City of Donna." But, be that as it may, "the fact 'that enforcement officers impound one car, while, in the exercise of reasonable discretion, they omit to impound others also unlawfully parked, is not regarded as amounting to a denial of equal protection of the laws.'" Miller v. Allen, Tex.Civ.App., 257 S.W.2d 127, 128, er. dis.; Annotation, 163 A.L.R. 966.

We are also of the opinion that the trial court did not err in enjoining appellees from the sale of appellant's truck on the basis of its holding that the provisions of the ordinance regarding the sale of impounded vehicles were vague, indefinite and uncertain, and hence unenforceable. Therefore, we overrule appellee's cross assignment of error.

Finding no reversible error in the judgment appealed from, it is accordingly affirmed.