**STATE of Missouri, Respondent,**

v.

**Willie Lee COLE, Appellant.**

**No. 55815.**

Supreme Court of Missouri, Division No. 2.

Sept. 10, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

John A. Walsh, Jr., St. Louis, for appellant.

HOUSER, Commissioner.

Willie Lee Cole was charged with and convicted of carrying a concealed weapon, § 564.610, RSMo 1969, V.A.M.S., and sentenced to 2 years. The notice of appeal having been filed prior to January 1, 1972 this Court has jurisdiction.

Without citing a single authority in his brief on appeal appellant asserts merely that "The instructions of the court, taken both individually and together, and seen through the eyes of a layman juror, are so heavily freighted with unbalanced emphases in favor of conviction, with ambiguities diminishing both the state's burden and the presumption of innocence, and with language appearing to allow the jury to decide the issues on a basis other than the law and the evidence, as to render impossible the assurance of a fair and impartial trial, and thus the giving of these instructions constitutes plain error."

Several instructions, phrased in standard, conventional, often-approved language, covering all of the law of the case necessary for the information of the jury in returning their verdict, were given. The only challenge to the instructions in the motion for new trial was that they were "inconsistent with the evidence and the law." Appellant thereby failed to comply with the requirement of Rule 27.20(a), V.A.M.R., that specific grounds for a new trial must be set forth "in detail and with particularity." On appeal the instructions are criticized singly and collectively in general terms without assigning legal reasons for appellant's real or fancied exception thereto, without sufficient specificity to present anything for appellate review, and without demonstrating any reason for review under the plain error rule. We have read the instructions in the light of the strained and hypercritical arguments advanced and find them not wanting in any respect. The form of the main verdict-directing Instruction No. 2 was sustained in State v. Harrington, 435 S.W.2d 318, 321 (Mo.1968). No. 3 properly instructed on criminal intent and when read with No. 2 and the two are taken together, as should be done, State v. Loston, 234 S.W.2d 535, 539 (Mo. 1950), properly required a finding of intent to commit the crime. No. 4 properly told the jury that the court did not mean to assume as true any fact referred to in the instructions, and properly left it to the jury to determine the facts. No. 5 properly instructed on the presumption of innocence, burden of proof and credibility of witnesses in language so long used by our courts and so often approved as not to require comment. State v. Wiley, 442 S.W.2d 1, 2 (Mo.1969); State v. Turner, 320 S.W.2d 579, 585 (Mo.1959). No. 6, a cautionary instruction on argument of counsel versus evidence in the case, given in haec verba in State v. Tighe, 289 S.W.2d 829, 830 [4] (Mo.1926), was approved in an extensive exposition of the question. No. 7 properly took the duty of assessing punishment away from the jury (appellant having been charged under the Second Offender Act, § 556.280, RSMo 1969, V.A.M.S.). State v. Gray, 423 S.W.2d 776, 784 [9, 10] (Mo.1968). No. 8, requiring unanimity in the verdict, was unquestionably properly given.

The judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HENLEY, P. J., DONNELLY, C. J., and MORGAN, J., concur.

FINCH, J., not a member of Division when cause was submitted.