## JAMES J. BROWN, *et al.*, v. E. HOLMES.

1. REPLEVIN; *Ground of Detention; Waiver.* If a person who has a lien for the keeping and feeding of cattle, claims to detain them in his possession on more than one ground, but expressly makes mention of his lien and charges as one of his reasons for such detention, *held,* that said declaration on his part will not be considered a waiver, or an abandonment of his lien.

2. ——— *Tender of Charges.* The declaration made by a bailee to a stranger, that he will not give up to the owner the property in his possession and which he detains by virtue of his lien, on full payment of such lien, does not dispense with the necessity of a tender of the charges by the owner before bringing suit.

*Error from Chase District Court.*

REPLEVIN, brought by *Brown* and another against *Holmes*, to recover the possession of ninety-two head of cattle. The action was commenced in May, 1872, against *Holmes*, then in possession of the cattle in Chase county, who retained them upon a redelivery bond. The first trial was had at the September Term, 1873, of the district court, when judgment was rendered for defendant and against the plaintiffs for costs. The plaintiffs brought the case here on error. (*Brown v. Holmes,* 13 Kas. 482.) The judgment of the court below was reversed, and the cause remanded for a new trial. The new trial was had at the November Term, 1877, of the district court, and judgment rendered for the defendant. The plaintiffs, *Brown* and *Kinsolving*, bring the case here for review.

*E. S. Waterbury,* for plaintiffs in error.

*Ruggles, Scott & Lynn,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This is the second time this case has been here on error. (*Brown v. Holmes,* 13 Kas. 482.) On the new trial awarded by this court, the chattel mortgage of October 31, 1871, from Ledrick to Brown & Kinsolving, was duly proved and admitted; also the identity of the cattle in question, with those in the mortgage, and their value; that Holmes had personal knowledge of the mortgage from the time it was given; and that he received the cattle from Ledrick to feed at the rate of four dollars per head for all he got through the winter. The court sustained a demurrer to the evidence of plaintiffs, on the ground, we suppose, that the defendant's possession was rightful, as his lien for feeding had never been paid or tendered. Plaintiffs claim that no payment or tender of the charges for wintering the cattle was necessary. In support of this view, an attempt was made to introduce certain testimony which they allege proved the defendant based his refusal to deliver up the cattle on the asser-

tion of title in one Plumb, and by his express declarations dispensed with any tender to himself.

The evidence shows that about May 1, 1872, prior to the commencement of this action, the plaintiffs then living at Council Grove, Morris county, sent H. E. Hager and George Stone, from Council Grove to defendant's farm, in Chase county, for the cattle. The only instruction given to Stone was, to accompany Mr. Hager and demand the stock of defendant by virtue of the chattel mortgage. Mr. Hager was directed, before starting for the cattle, to take a copy of the chattel mortgage, then to go to defendant's place in Chase county, and demand, by virtue of the chattel mortgage, the stock in Holmes's care belonging to Ledrick; and if Holmes was fool enough to let him have them, to bring them to Council Grove as fast as he could. If Holmes would not let him have them, to get Holmes to drive them to Council Grove and plaintiffs would pay him well for wintering the stock and for driving them. On reaching Holmes's place, the following conversation was had:

"Holmes was asked whose stock he was wintering. He said they belonged to Ledrick. Hager then told Holmes he had a copy of a chattel mortgage on those cattle from Ledrick to Brown & Co., and demanded the cattle under the mortgage. Holmes said he would not give them up until he was paid for wintering them. Hager then told Holmes he demanded them by virtue of the chattel mortgage, as deputy sheriff of Morris county, under instructions from Brown & Co. Holmes said he would not give them up, and then Hager told Holmes that if he (Holmes) would help drive these cattle to Council Grove, Brown & Co. would pay him for wintering them, or, if he was not satisfied with that, he (Hager) would get the money and bring it to him, and then take the stock. Holmes answered, he would not let Brown & Co., nor Ledrick, nor the sheriff have the stock, if they did pay for them; that he would not let Hager have the stock, even if he paid; that he would not take the money from Hager if he had it there; that Ledrick was about to break up, and had given Plumb a bill of sale of the cattle; that Plumb had told him not to let any one have the cattle but him; that Plumb would see he got his pay for wintering them, and he

44—21 KAS.

(Holmes) would stand by his agreement with Plumb, and hold the cattle for him till he paid him."

The reply of Holmes to Hager, when the latter stated "he would get the money, bring it to him, and then take the stock," was excluded, and is the error complained of.

As the defendant expressly made mention of the lien he had for the wintering of the cattle, the fact that he added thereto that he should hold them for Plumb, cannot be considered a waiver of the lien on his part. This evidence did not tend in any way to prove an abandonment of his lien or his intention to give up the cattle until his charges were paid. As to the point that this evidence should have been admitted to prove that an actual tender was dispensed with, it is sufficient to say that Hager had no direction or authority to say to the defendant on behalf of the plaintiffs that "he would get the money, bring it to him, and then take the stock." His instructions had been fully carried out before this statement, and his promises about bringing the money were substantially the promises of a stranger. He was then acting beyond the scope of his authority, and not representing his principals. The answer of the defendant being to a stranger, was properly excluded by the court. Hager had no authority to make any tender, and the refusal of defendant to him did not dispense with a tender of the charges on the part of the plaintiff before commencing their action.

The other questions in the action were disposed of when the case was in this court on the former occasion: *Brown v. Holmes*, supra.

The judgment will be affirmed.

All the Justices concurring.