R. R. LEWIS, Appellant, v. BEST-BY-TEST GARAGE et al.,
Appellees.

**BAILMENT:** Lien—Bailment from Unauthorized Person. A garage
1   keeper has no lien on an automobile for the storage thereof when
received from one who has the *wrongful* possession thereof.

**LIENS:** Release by Bond. The statutory right (Sec. 10354, Code of
2   1924) of an owner of personal property who disputes the existence
of a lien thereon, to give a bond conditioned to pay the amount
of any lien which may be established, and thereby secure right to
possession of the property, is a procedure entirely *optional* with the
owner.

**Headnote 1:** 38 C. J. p. 80. **Headnote 2:** 34 Cyc. p. 1441.

*Appeal from Des Moines Municipal Court.*—H. H. SAWYER,
Judge. ·

NOVEMBER 24, 1925.

ACTION for the replevin of an automobile and for damages
which plaintiff alleges he suffered by reason of the wrongful ·
detention of the property. The court at the close of plaintiff's
evidence sustained a motion to direct a verdict in favor of de-
fendant, and plaintiff appeals.—*Reversed.*

*H. O. Vralsted* and *Allen Lynch,* for appellant.

·*Charles Hutchinson,* for appellees.

STEVENS, J.—I. On or about March 8, 1924, the bailiff of
the municipal court of the city of Des Moines levied an execution
upon a Traffic 2-ton truck owned by appellant, as the property
1. BAILMENT: lien: of J. H. Lewis, the judgment debtor. Imme-
bailment from   diate notice was given by appellant to the bailiff
unauthorized
person.         of his ownership, and the execution was re-
leased. The bailiff stored the truck in the garage of appellee,
and when demand was made by appellant therefor, it was re-

fused unless storage charges were paid. This action in replevin followed.

The evidence as to the ownership of the truck is not in dispute. The defense interposed was that replevin could not be maintained without a previous tender or the execution of a bond, as provided by Chapter 231, Acts of the Thirty-eighth General Assembly. Appellee asserts a claim to a lien under the statutes governing warehousemen, and also as a bailee for hire. It is clear that appellee was not engaged in the business of a warehouseman, and therefore was not entitled to a lien as such. What is said in *Graben Motor Co. v. Brown Garage Co.,* 197 Iowa 453, on this point was in response to a suggestion by counsel. A warehouseman is defined by Section 9718, and a garage by Section 4863, of the Code of 1924. The business of appellee as described in the evidence comes within the latter designation. Assuming, without deciding, that a garage keeper may, under some circumstances, assert a lien on property stored in his garage, as a bailee for hire, we are, nevertheless, of the opinion that such lien arises only out of contract, express or implied, between the owner and the garage keeper, or between the latter and someone acting for such owner. It is undoubtedly the general rule that a bailee for hire does not have a lien upon personal property deposited by one wrongfully in the possession thereof, against the owner who does not expressly or impliedly consent to the arrangement. Such is the rule declared by text-writers and courts generally. Dobie on Bailments & Carriers 146; Van Zile on Bailments & Carriers (2d Ed.), Sections 383 and 555; *Small v. Robinson,* 69 Me. 425; *Robinson v. Baker,* 5 Cush. (Mass.) 137; *Hanch v. Ripley,* 127 Ind. 151 (26 N. E. 70); *Walker v. Burt,* 57 Ga. 20; *Sims v. Mead,* 29 Kan. 124. The cases cited by appellee, with one exception, do not hold to the contrary.

It was held by the New York marine court in *Loss v. Fry,* 1 City Court Reps. 7, that a lien of a mechanic for work done upon a chattel, being given by law, takes precedence over the lien of a chattel mortgage previously filed. *Brown v. Holmes,* 21 Kan. 687, involved only the question as to whether or not the appellee had waived his lien. The controversy in *Heuer v. Molia,* 34 Misc. 777 (68 N. Y. Supp. 835), was between a ware-

houseman and a mortgagee, the rule in New York apparently being that the lien of the former is superior to that of the latter. *Hunter v. Sevier,* 15 Tenn. 78, apparently sustains appellant's contention; but the decision was by a divided court, and is contrary to the overwhelming weight of authority. It is our conclusion, therefore, that appellee did not have a lien upon the property that it could assert as against appellant.

II.   When a controversy arises between the owner and a person claiming a lien upon his property, he may file bond, with appropriate sureties, in double the amount of the lien claimed, in the office of the clerk of the district court of the county in which the property is held, and, upon his doing so, the lien on the property will be transferred to the bond, and if the party then in possession refuses to surrender the same to the owner, the latter may recover the same in an action in replevin. Chapter 459, Code of 1924. This chapter is permissive, and not mandatory. Compliance therewith is not a condition precedent to the right to maintain an action under the statute for the recovery of specific personal property, but is an additional remedy afforded the owner to recover his property. Under the foregoing provision of the Code, the question as to the existence or the amount of a lien may be litigated. There is no reason why the owner of personal property may not maintain an action for the recovery thereof without filing such bond, if the person in possession in fact has no lien thereon, and is not entitled to detain the property. This, we think, must have been the thought of the legislature.

2. LIENS: release by bond.

The conclusion follows that a verdict was erroneously directed in the court below, and the judgment is reversed.—*Reversed.*

FAVILLE, C. J., and EVANS and VERMILION, JJ., concur.