## RICKENBERG v. CAPITOL GARAGE.

No. 4403. Decided July 9, 1926. Rehearing Denied Sept. 15, 1926.
(249 P. 121.)

**32**

*Young, Boyle & Moyle* and *James M. Christensen*, all of Salt Lake City, for appellant.

*F. W. James* and *John D. Rice*, both of Salt Lake City, for respondent.

FRICK, J.

The respondent commenced this action in claim and delivery (replevin) pursuant to our statute to recover possession of a certain automobile. The complaint is in the usual form in such actions. The appellant, after denying respondent's ownership and right to possession of the automobile, also set up an affirmative defense claiming the right of possession of the automobile for reasons which will hereinafter more fully appear.

The case was tried to the district court without a jury, upon the evidence produced by the respective parties. The court in substance found that on the 1st day of November, 1924, the date alleged in the complaint the respondent was the owner and entitled to the possession of the automobile in question; and that he was such owner and entitled to the possession thereof at the date the findings were made and the judgment ordered to be entered; that the appellant wrongfully and without the consent of the respondent "came into the possession" of said automobile, and "still wrongfully detains possession of the same"; that before the commencement of this action respondent demanded possession from the appellant of said automobile; that said automobile was of the value of $250; that the appellant "still unlawfully holds and detains said property from the plaintiff (respond-

ent) to his damage in the sum of $65; that the automobile was not taken for a tax, assessment, or fine pursuant to statute, or seized under execution or attachment," etc. Upon substantially the foregoing findings the court made conclusions of law in conformity therewith, and upon such conclusions entered judgment awarding respondent possession of said automobile and damages in the sum of $65, and in case delivery of said automobile could not be had that the respondent recover its value together with his damages, aggregating the sum of $315.

The appeal is from the judgment aforesaid. A number of errors are assigned, which we shall consider in their order.

The undisputed facts briefly stated are: That on the 1st day of November, 1924, a police officer arrested the respondent while he was driving the automobile in question on the streets of Salt Lake City; that respondent at the time of arrest was intoxicated; that to drive an automobile while intoxicated constitutes a misdemeanor under the ordinances of Salt Lake City; that on the day following the arrest respondent was duly convicted in the police court of Salt Lake City of the offense aforesaid; that at the time the arrest was made the police officer took possession of the automobile in question and turned it over to the chief of police of Salt Lake City, who placed it in the garage owned and operated by the appellant for safe-keeping, receiving the ordinary "claim check" from appellant for the same; that a few days after respondent had been convicted of the offense aforesaid, and after the case against him had been terminated, his attorney went to appellant's garage and offered to pay the storage then due upon the automobile and demanded the same on behalf of respondent; that the appellant refused to deliver the automobile to the attorney unless, and until, the claim check issued by it to the chief of police was returned to it, and the storage charge at the rate of 50 cents a day for each day it was held as aforesaid was paid; that the attorney for respondent then went to the police station and demanded the

claim check, but owing to the absence of the chief of police from the station the attorney did not obtain the check; that a few days thereafter demand was again made on the chief of police for the claim check, at which time he delivered the same either to the respondent or to his attorney; that immediately after receiving the claim check demand was again made by respondent on appellant for the car, but it refused to deliver the same to him until all storage charges as claimed by it were paid. The evidence is somewhat conflicting respecting the amount of storage charges then due at the rate of 50 cents a day, and respecting the amount that respondent tendered to the appellant for storage. In view of the conclusion reached, the precise amount of storage claimed by appellant, and the precise sum of money tendered by respondent for storage, are, however, for the reasons hereafter appearing, not controlling.

In this connection it should be stated that respondent's counsel insist that the latter was not guilty of driving the car at the time of his arrest, but assert that the same was driven by a lad about 13 years of age. They have set forth the evidence upon that subject and it supports their contention. We remark, a complete answer to the foregoing contention is that it was stipulated at the hearing in the court below, and the stipulation appears in the record, that the respondent was convicted of the offense of driving an automobile while intoxicated. Respondent is bound by that stipulation, and so are we.

We thus proceed to a consideration of the legal propositions presented by the respective parties. Appellant's counsel's principle contentions are: (1) That the car in question came lawuflly into the possession of the chief of police, and that in view that respondent was in the act of committing an offense, the taking of the car from respondent placed the same in custodia legis, and for that reason the car was lawfully withheld from respondent and therefore replevin will not lie; (2) that although it were conceded that the car

was not in custodia legis, it nevertheless was rightfully in the possession of appellant, and was by it lawfully withheld from respondent for the reason that the former had acquired a lien on the car for storage, of which lien it had not been divested because the full amount due for storage was at no time offered or tendered to appellant. The contention first stated is based upon an ordinance of Salt Lake City which in substance provides that it shall be unlawful for any person while intoxicated to drive an automobile or other vehicle upon the streets of Salt Lake City. The ordinance further provides:

"It shall be the duty of every officer of said city authorized to make arrests to take into his custody any motor-driven vehicle found being operated by any person in violation of the provisions of this ordinance and to deliver the same to the chief of police of Salt Lake City to be impounded by him as herein provided.

"It shall be the duty of said chief of police to impound and safely keep said vehicle until the guilt or innocence of the party accused of violating this ordinance shall have been determined, and in all such cases wherein the accused shall have been found guilty it shall be the duty of said chief of police to retain said vehicle in pound and safely keep the same for the period of at least ninety days from the date of its delivery to him and until all expenses incurred by him in keeping the same shall have been paid. Whereupon it shall be released to the lawful owner thereof."

It is upon the provisions quoted above that appellant's counsel specially rely. It will be observed that, while the ordinance confers a right upon the chief of police to take and hold a car, coming into his possession pursuant to the provisions of the ordinance, it nevertheless does not give nor attempt to give the chief of police a lien on the car for the expenses incurred in keeping the same. The courts have frequently held that in case chattels, including automobiles, have been stolen, the same may be held as evidence, and that holding such chattels for that purpose is not unlawful. See *Simpson v. St. John*, 93 N. Y. 363, and *Good v. Board of Police Comm'rs*, 137 Md. 192, 112 A. 294, 13 A. L. R. 1164, and cases there cited. As pointed out in those

cases, however, the chattels there in question were alleged to have been stolen and were held as evidence to be used on the trial of the person accused of the theft. No such question is involved in the case at bar. Here the automobile had no bearing, and could have had none, upon the question of the guilt or innocence of respondent. Moreover, so far as the record discloses, the respondent did not deny nor contest the charge of intoxication in any way. Then again, judgment of conviction had been entered some days before he demanded the car, and at which time he offered to pay the cost of storing the same. The proceeding against him had, therefore, been terminated. True, he did not have nor present the claim check issued to the chief of police when demand for the car was made, but as we shall see hereinafter that circumstance did not affect his legal right of possession of his car. No doubt the ordinance expressly authorizes the chief of police to hold an automobile taken by him until "all expenses incurred by him in keeping the same shall have been paid." Without now going into the question raised by respondent, that the ordinance is unenforceable in that regard, we remark that the ordinance must, nevertheless, receive a fair and reasonable construction. It certainly cannot be successfully maintained that a car or chattel may be held by the chief of police merely because he desires to hold it. In order to make the ordinance enforceable in favor of the chief of police, the chattel must be held for some lawful purpose. As pointed out by the cases we have cited, chattels may be legally held as evidence pending the trial of the person who is accused of stealing, or who is connected with the stealing, of such chattel. No court has, however, held that the officers may arbitrarily and for no lawful purpose hold chattels against the consent of the owner, or that they may do so after the withholding thereof has attained the end for which they were held. Although it be conceded that the ordinance in question is enforceable in all respects, yet in view of the facts and circumstances of the case at bar there was absolutely no authority for holding the car after judgment

of conviction had been entered against the respondent for the offense and after the proceeding against him had been fully terminated. After that event there was no reason whatever for which the car could be held, although it were conceded that after that time the chief of police had the lawful right to the possession of the car. It is also clear that the car in question was not in custodia legis as that term is ordinarily understood and applied.

In this connection it should also be kept in mind that the chief of police did not claim to hold the car for expenses after judgment was entered. As soon as the claim check was demanded from him, after he was found by respondent's counsel, the chief of police voluntarily and unconditionally surrendered the claim check to respondent. The contention, therefore, interposed by appellant, that the car was held for expenses under the ordinance, is an afterthought and is not available to it as a defense.

Proceeding now to the second proposition before stated. Was the appellant under any view of the law authorized to claim a lien on the car for storage charges? This question, on several occasions, under facts and circumstances analogous to those in the case at bar, has been before the courts, and so far as we have been able to ascertain from the cases no court has ever held that, in the absence of an express statute creating such a lien, or in the absence of a contract or agreement between the owner or his authorized agent and the garage owner, the latter may lawfully assert a lien for storing or safely keeping an automobile. In the following, among other cases, it has expressly been held that the owner of a garage can acquire no lien upon an automobile for storing the same, in the absence of an express statute creating such a lien, and in the absence of a contract or agreement between the parties giving such a lien. *Pollard v. Borneman,* 47 S. D. 622, 201 N. W. 525, 36 A. L. R. 954; *Lewis v. Best-By-Test Garage,* 200 Iowa, 1051, 205 N. W. 983; *Rehm v. Viall,* 185 Ill. App. 425; *White v. Texas*

*Motor Car & S. Co.,* (Tex. Civ. App.) 203 S. W. 441; *Fish-back v. Foster,* 23 Ariz. 206, 202 P. 806; *Berry Automobiles* (4th Ed.) § 1455.

While perhaps the case of *Pollard v. Borneman,* supra, is not precisely like the case at bar, yet the facts and circumstances of that case are analogous to those in the instant case. In the Pollard Case federal prohibition officers took an automobile from the owner and stored it in a garage for safe-keeping. The owner of the car demanded the same from the garage owner, who refused to deliver it unless the owner of the car produced the claim check issued to the officers, and in addition paid for the cost of storage. The owner of the car refused to comply with the demand of the garage keeper and brought an action in replevin to recover the car. The court held that the garage owner acquired no valid claim against the car as against the owner thereof, and that he had no right to hold the car although the owner could not and did not present the claim check issued by the garage owner.

In *Lewis v. Best-By-Test Garage,* supra, an officer levied an execution upon an automobile which it happened was not owned by the execution debtor, and placed the same in a garage for safe-keeping. The owner of the car demanded it from the garage keeper, who refused to deliver it except upon payment of his charges for storage. He claimed a lien on the car for the cost of storage. The court held that the garage owner acquired no lien on the car for storage, and that he could not withhold the same from the owner. In *Rehm v. Viall,* supra, it is held:

"The proprietor of a garage is not entitled to a lien on an automobile for keeping and caring for same in his garage."

It should be stated here that in the foregoing case the lien was claimed against the owner of the car who had voluntarily left it in the claimant's garage. The court, however, held that in the absence of a statute giving such a lien, and

in the absence of a contract, express or implied, by the owner, the garage man acquired no lien on the automobile for storage.

In *White v. Texas Motor Car & S. Co.*, supra, it is held:

"A garage owner has no lien on an automobile for storage charges unless automobile was stored under contract with the owner thereof."

In *Berry, Automobiles* (4th Ed.) § 1455, the question concerning liens of garage men is fully considered by the author. The reasons why, in the absence of an express statute, such liens do not exist is there fully stated. It is also pointed out by the author why garage men cannot claim under the statute relating to warehousement. The question is there so fully discussed and the authorities collated that we shall do no more than to refer the reader to *Berry on Automobiles*. This court, is, however also committed to the doctrine that in the absence of a contract a lien cannot be acquired on automobiles by garage men. See *Cache Auto Co. v. Central Garage Co.*, 63 Utah, 10, 221 P. 862, 30 A. L. R. 1217.

Lest we be misunderstood, we desire to state here that we are not holding that a chief of police may under no circumstance collect the reasonable cost of keeping an automobile for the time it was necessary for him to hold the same. Such costs would, however, have to be judicially ascertained and their collection authorized by some competent court of justice. Nor could the chief of police fix any charge he saw fit or authorize a third person in whose custody he placed the car to do so. We know of no law empowering a city to authorize its chief of police to practically confiscate an owner's property merely because he may have been guilty of a misdemeanor. The city no doubt may enforce the penalties authorized by law and provide for reasonable cost in enforcing the same, but neither the courts nor the city can create liens in favor of third persons for storing property taken as aforesaid without express authority from the Legislature to do so.

Moreover, every person is entitled to his day in court in determining the amount of costs he should pay in case he is accused and convicted of a misdemeanor. Under the ordinance, if literally enforced as contended for by appellant, defendants in proceedings instituted pursuant to the ordinance could be required to pay any amount demanded by the chief of police, and if not paid the owner's property could, in effect, be confiscated.

Let it be remembered that costs are the mere creature of statute and are always merely an incident of a lawful proceeding, and in the absence of an express statute ∎ determining the amount, must judicially be determinated before collection thereof can be enforced.

We are forced to the conclusion, therefore, that the appellant had no legal right to withhold the car from respondent, who was the owner thereof, but its remedy ∎ was against the chief of police, for storage charges.

It is next contended that the district court awarded respondent excessive damages for the withholding of the car. This contention cannot be sustained. The ∎ court awarded respondent as damages the reasonable value of the use of the car during the time it was wrongfully withheld from him. All courts, so far as we know, agree that the reasonable value of the use of an automobile for the time it was wrongfully detained from the owner constitutes the legal measure of damage. *Consolidated Nat. Bank v. Cunningham* (Ariz.) 238 P. 332; *Cook v. Packard Motor Car Co.*, 88 Conn. 592, 92 A. 413, L. R. A. 1915C, 319.

In view of the foregoing, the judgment must be affirmed, with costs. Such is the order.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.