## JACOBS v DAYTON (City)

Ohio Appeals, 2nd Dist, Montgomery Co

No 846.   Decided July 29, 1929

Messrs. C. J. Mattern & Albert J. Dwyer, Dayton, for Jacobs.

Messrs. John Harshman & Walter V. Snyder, Dayton, for City.

HORNBECK, J.

The City has in great detail worked out this division of costs. It is not so manifestyl disproportionate to the services that would logically be rendered under the meat inspection ordinance, as to arrest our attention and require us to say that it is excessive.

The salary of the inspectors, two for five months each. $1800, and one part-time, $272.60, does not appear to be objectionable. Automobile maintenance includes $43.80 for Doctor Burke's car, based on the same proportion of total cost as his salary charge, and for inspectors' care is charged $405.80. This particular expenditure was questioned and evidence offered by the plaintiff tending to show the proximity to each other of the plants to be visited, and their accessibility from the office of the

meat inspectors. It appears that most of the places to be investigated can be reached in 30 minutes by foot, and the most remote in 25 minutes by car. But, it likewise appears that the slaughter houses are in different sections of the city, that they are, in the main, comparatively small plants, that it is necessary to visit them upon hasty notice, and that the work of the inspectors at the plants requires rarely if at all, a full day.

In view of the common use of the automobile in carrying on business enterprises of all kinds, and the expedition with which it enables one to get about, and the necessity that inspectors attend promptly upon notification of the butchers, we cannot say that the employment of this type of transportation is improper, nor that the expense incident thereto is disproportionate to the demands of the service.

Taken in its entirety, the expenditures incident to the meat inspection cannot be said to be excessive and inasmuch as they are considerably in excess of the amount required to be paid by the butchers we are not confronted with the necessity of determining if the surplus created from the fees is excessive.

We are therefore of the opinion that the fees charged under the ordinance in question are not out of proportion to the expense of such inspection, and therefore are not unlawful.

At the time of the hearing of this cause, plaintiff asked leave to amend his petition by alleging that Sections 735 and 737 of the meat inspection ordinance are contrary to the provisions of **Section 1 of Article XIV of the Constitution of the United States, and Section 1, 2 and 19 of Article I of the Constitution of the State of Ohio.** The court, after consideration of this tendered amendment has concluded to permit it to be filed over the objection and exception of defendant. We doubt very seriously our right to open up the case at this time for any purpose whatever other than that for which it was specially assigned. However, so that plaintiff may have assured to him any possible legal right to which he is entitled, we are holding that the ordinance is valid and not in contravention of the Constitution of the United States nor the State of Ohio in the particulars claimed.

Kunkle and Allread, JJ, concur.