## ALLEN v CINCINNATI (city)

Ohio Appeals, 1st Dist, Hamilton Co
Decided May 5, 1930

Goebel, Dock & Goebel, Cincinnati, for Allen.

John D. Ellis and Milton H. Schmidt, Cincinnati, for City.

HAMILTON, J.

The plaintiff claims that the classification of his automoibles under said ordinance as public vehicles is illegal and unjust, unconstitutional and void, for the reason that said automobiles are not public vehicles or common carriers, but are strictly private livery vehicles, or used in each instance as a private contract carrier. That the plaintiff does not hold himself out to the public indiscriminately to give service to the utmost of his capacity to all who may apply for service in said vehicles; that at all times he reserves the right at his discretion to hire said automobiles or refuse to hire them.

The amended petition further challenges the ordinance as applied to him as not being within the police power of the city to enact and enforce.

The prayer of the petition is that the ordinance be declared unconstitutional and void as to him and others similarly situated. We presume he desires injunctive relief.

That general regulatory powers are conferred upon the city to control vehicles in the use of its streets for business purposes cannot be questioned. This power has been so frequently declared by the courts that it is not necessary to cite authorities.

It is also the law that it is not within the police power of a municipality to con-

trol by license private business. We take it from the allegations of the petition that the plaintiff claims to be within the protection reserved in the constitution of private businesses as against public regulation.

The quetsion then is: Do the allegations of the amended pettiion bring the plaintiff in the hiring of his automobiles within the scope of exclusive private business, or private carrier under private contract?

The case of **Hissem v. Guran, 112 Oh St 59,** is cited by plaintiff as an authority for his position that he is not subject to regulation under the ordinance. This case was decided on the question as to whether or not a hauler of milk over a certain route, through arrangement by the transporter with the farmers, between fixed termini, was within the Freeman-Collister Motor Transportation act, requiring it to have a certificate of necessity, and, it, therefore, does not involve the proposition presented here. However, the opinion does present what appears to be the distinguishing test of public regulation of motor vehicles. In the opinion, Chief Justice Marshall makes this statement: "There does not, therefore, upon principle appear to be any sound basis for the exercise of public regulation of motor vehicles not dedicated to public use." The converse of this proposition would be that there is sound basis for the exercise of public regulation of motor vehicles dedicated to public use. The further holding in this case is to the effect that a private carrier cannot be made a public carrier by legislative fiat.

So that while the ordinance in question in all probability brings the plaintiff's automobiles into the class subject to licenses as public vehicles, this would not make it so in fact, and we are in the last analysis required to go to the facts of the case as alleged in determining the question. Since the case is here on a demurrer to the amended petition, and since all the allegations of the amended petition well pleaded must be considered as true, we turn to the amended petition to ascertain whether under the facts alleged the plaintiff's automobiles are dedicated to public use.

We quote from the amended petition fully the method and manner of use of the automobiles. These facts as alleged are as follows:

"Plaintiff says that he is the owner of———automobiles which he owns and keeps for his own uses and also hires the same out to certain persons for their individual use; that said automobiles bear no marks or characteristics of any kind that would distinguish them from any privately owned automobiles, and are not different in type, appearance or character than other privately owned automobiles.

"That when such automobiles are hired by others, such hiring is done under an arrangement or agreement made in advance by and between the plaintiff and the person who hires the same. All such agreements are made in person at the plaintiff's place of business or by telephone or letter; that the plaintiff has no fixed schedule of rates and the contract made in each case varies and depends upon the particular circumstances surrounding each individual hiring; that said automobiles are hired out for a period of hours or by the day or by the trip, and the basis upon which they are hired, is agreed upon in advance. At no time does the rate exceed $3 per hour; that in some instances a flat rate is agreed upon for a particular trip. The hirings made by the people who use plaintiff's automobiles are for the purpose of attending formal affairs, making special trips, sometimes to other points or cities, and in general, such use as is made by the individual owner of his automobile, but in each case the amount paid for the use of the automobile depends upon the distance and length of time the automobile is used. Said automobiles are only hired out to the regular customers of the plaintiff which include families living in and about the place of business of plaintiff, located in what is known as the suburb of Clifton, in the city of Cincinnati.

"Plaintiff does not hire out his said automobiles to every one who may apply indiscriminately or indifferently, but, such hiring is limited to the particular class of customers of the plaintiff or the persons whom he knows and always upon contract made in advance or understood by the regular customers.

"Said automobiles are at no time used on the streets of the city of Cincinnati for the purpose of soliciting business; they do not use or occupy any of the public taxi cab stands; they do not wait for passengers on the streets, at the depots, hotels, taxicab stands, or any other public place or highway in and about the city of Cincinnati; that such automobiles when not in use are kept in the private garage of the plaintiff

and operated strictly to and from said garage, and returned to the garage immediately upon being discharged by the hirer.

"That these automobiles when hired and in operation are under the absolute control and domination of the hirer, who directs the driver where to proceed, over what route or by what street, when and where to stop, how long to stop, and the hirer may send the vehicle away and order its return, and in every respect has the same full and complete control of the automobile, to the exclusion of all other persons, in the same manner and to the same extent that any private owner controls and directs his own individual automobile and his personally employed chauffeur.

"That said automobiles are not used in making what are classed as taxicab trips, or for any purpose which is similar to that of a taxicab business."

Analyzing these allegations, we are of opinion that the service rendered and the manner in which the service is rendered shows that the automobiles are in fact dedicated to public use, and, are, therefore, subject to regulation.

Another proposition argued in the brief is that the license fee attempted to be levied by the ordinance in question is a tax for revenue, and that the city does not possess the power to levy such tax under the guise of a license. It is true that a license becomes a tax, and is not enforceable if it goes further than the necessary expense of issuing the license and cost of regulation. However, there is nothing in the amended petition bringing this question before us. All the amended petition states with reference to the license is as follows: "and by Section 65-a attempts to fix a fee, termed a license fee, which must be paid by the owner of such vehicle, in the sum of $18 for each such automobile, before being permitted to operate the same in the city of Cincinnati." There is no allegation that this sum of $18 per automobile is in excess of the cost of issuing the license and the cost of regulation under the ordinance.

Our conclusion is, that under the allegations of the amended petition, the ordinance is not unconstitutional and void as against this plaintiff.

The amended petition not alleging a cause of action, the demurrer thereto is sustained, and the amended petition dismissed.

Cushing, PJ, and Ross, J, concur.