## LEVITT v CLEVELAND (city) et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11342.  Decided May 25, 1931

Orgill, Maschke & Wickham, Cleveland for Levitt.

H. H. Burton and E. J. Schweid, Cleveland, for Cleveland (city).

VICKERY, J.

Examination of the two ordinances will show that they are meant to cover widely dissimilar occupations.  One, §813 GC, is for the delicatessen store and licenses the carrying on of the business as therein described for a fee of $1.00.  It is not claimed but that this license was a proper exercise of the power of the council and it is not claimed that it is discriminatory and there is no complaint made about this; but it is alleged that the plaintiff had paid in to the License Commissioner a fee of $1.00 for said license but afterwards he wanted to get the benefits that might accrue to him by reason of the sale of near beer and perhaps other refreshments to be consumed upon the premises; in other words, to invoke the license granted by §2890 GC and following, for which license all those who wish to engage in the business therein provided, must pay a fee of $10.00.

Now the record shows that all those who wish to engage in the business described in the last mentioned sections of the ordinance are treated alike, as are the parties who engage in the business described in the first above mentioned ordinance, and the question is whether, after a person engages in business under the first ordinance, if he wishes thereafter to widen the scope of his business and engage in the business described in the second above mentioned ordinance, he can be made to pay an additional $10.00 fee; in other words, does that change the classification and if so, has there been a violation of his constitutional rights?

An examination of the two ordinances will clearly show that they provide for widely dissimilar occupations and particularly in the nature, place and manner of structure.

In the ordinance which we will call the "near beer ordinance" it provides how the place must be constructed: without any

screens, and so that the whole interior can be seen from the street if upon the street level; if not upon the street level, then it must be built in such a way that the whole interior can be viewed from any entrance to the place where the near beer is dispensed.

Now the record shows in this case that where near beer is sold to be consumed on the premises a great deal more inspection is required than there is needed under the other ordinance which we will call the "delicatessen ordinance;" and according to the testimony of Mr. Cukr, the License Commissioner, the cost for inspection of the places covered by the so-called beer license was $5200.00 for the year in which this litigation took place and that the amount collected would fall quite a sum short of that amount, so that there was no revenue actually derived from this license and that the record further shows that there had been over fifty revocations of licenses where near beer was dispensed, when a great many fewer licenses had been revoked as far as the delicatessen license was concerned; where as a matter of fact there were many times the number of delicatessen licenses issued as compared with the near beer license.

The record also shows that near beer licenses require a closer inspection or investigation into the character of the applicant for the license than do delicatessen licenses. The theory of the city legislative department for the increased amount to be paid for the near beer license was the necessity for greater inspection and the keeping of a tab upon the places where near beer is dispensed because of the fact that these places were much more often used as a cover for the violation of the Eighteenth Amendment and the liquor laws passed in pursuance thereof. In other words, the place where near beer was dispensed was often used as a cloak for the violation of the liquor laws and that the best safeguard that could be had against this sort of violation of the law was to have an exact record of all the places where near beer was dispensed. I do not think that it would be going out of the record to say that from our experience as a reviewing court, these places where near beer is sold to be consumed upon the premises, are more often used to disguise a bootlegging business than all other places combined in the city. Usually the bootlegging business is carried on, if carried on at all, in connection with a place where near beer is dispensed. We do not mean to be understood for a moment to say that all the places where near beer is dispensed are bootlegging establishments, but almost every bootlegging establishment has

in connection therewith the dispensing of near beer; and so for the purpose of keeping a tab upon the liquor violators and that the License Commissioner might have an exact record of all such places, the near beer license is very opportune and timely and should not be interfered with unless such legislation by the city council is clearly and manifestly in violation of the Constitution of the United States or of the Constitution of the State of Ohio, or is so unreasonable and so unjust as to be discriminatory.

If we understand the situation with respect to these two licenses, they are general and uniform and apply to all persons in a class alike. A person can have his license for a delicatessen business for $1.00 and that applies to all those who deal in that class and that class only, and if he wants to dispense near beer to be consumed upon the premises, then he must have a license for which a $10.00 fee is charged and that applies to everybody alike and so it cannot be discriminatory.

The question is, has the city council the right to classify different businesses; has it the right to charge a license fee for one line of business and not for another? We think the authorities plainly indicate that it may do just that thing. That, because the council wants to license one business is not any reason why it must of necessity license another. The power of the council is supreme in this respect and unless it has violated the Constitution of the United States or the Constitution of the State of Ohio or the ordinance is discriminatory, it is a legislative function and the court will not interfere with that discretion that is imposed upon the legislators of the city government.

There have been many decisions upon this question in Ohio and many decisions in other states upon similar questions and while a license is allowable where the fees are to be used for inspection purposes to see that the health ordinances are conformed with, even though the fee is more than is necessary for that purpose, authorities hold that it is still within the police power of the council and within their right to pass such legislation and unless the ordinance is unreasonable, unjust and discriminatory, the court will not interfere and the courts should not interfere with legislative function except when absolutely necessary.

In the case of **Yee Bow v City of Cleveland, 99 Oh St 269,** the court held:

1. "In the regulation of laundries, a city ordinance defining a public laundry to be any premises, etc., used for the purpose of laundering certain washable articles for

'thirty or more owners of such articles per week, and for pay' is not unreasonable nor discriminatory. The basis of classification therein imposed is natural and reasonable and the provisions of the ordinance operate uniformly upon the class therein named.'

2. "When a city has the right, under its police power to impose regulations upon a business, the validity of an ordinance cannot be attacked merely because its scope was not extended to cover the entire field of possible abuse, which such ordinance seeks to prevent."

The court in its opinion in the above named case, said further:

"But it is very generally held that discretionary powers may be lodged in administrative officers to determine whether the terms of a law or ordinance of this character have been complied with, and that such terms like other general terms get precision from the sense and experience of men."

So from the experience of the city authorities in Cleveland, they have come to the conclusion that in licensing the selling of near beer to be consumed upon the premises, it is making separate and distinct class from the ordinary delicatessen store and therefore they have the right and power to prescribe such a license for carrying on that business; and, as has already been pointed out, inasmuch as it costs more to inspect places where the sale of near beer for consumption upon the premises is carried on, and to investigate the character of the person who sells near beer, the fees for such work could well be much higher than in the delicatessen business.

In a Nisi Prius decision, 23 N.P. (N.S.) 267, Koeberle v Akron, decided April 3, 1921, the court held that in the passing of an ordinance by a city council and the passing upon such ordinance by a court, there might be taken into consideration the fact that the place where near beer was dispensed would tend to be a breeding place for the violation of the liquor laws, as already had been alluded to.

From the authorities, undoubtedly the city council has the right to classify businesses and when it has classified a delicatessen business and has separated it from the dealing in near beer business, to be consumed upon the premises, it is within its rights and exercise of the power that is granted a legislative body and when the ordinances bear equally down or upon all persons who come within each particular class, they cannot be said to be discretionary.

In the case of **Longbrake v State of Ohio,** 112 Oh St 13, the court held:

"Sec 1089-9 GC, prohibiting the use of saccharin in bottled soft drinks is constitutionally valid and within the inherent police powers of the state.

The fact that such legislation was confined to bottled or other soft drinks and was not extended to other foods, does not render the act invalid because of discrimination."

The majority of this court in taking all the authorities into consideration as to the end to be gained and the purposes of the ordinance, cannot see upon what ground this particular ordinance can be held unconstitutional or void. Surely if a person would undertake to start in the near beer business alone, without being connected with a delicatessen store, he could not say. but what the ordinance would be reasonable and within the power of council to make, in view of the expense that is necessary in so many different departments of the city government; the building department, the fire department and the police department would have to make an inspection to see that everything was constructed in accordance with the provisions of the ordinance and complied therewith. Surely I say, that if that was to be done, the applicant could not justly refuse to pay the $10.00 fee required if he wanted to carry on the business of dispensing near beer to be consumed upon the premises. If he wanted to start a delicatessen store which required a $1.00 fee only, he could not defeat the end and aim of the other ordinance by wishing to add near beer to be consumed upon the premises to his already established delicatessen store business. If that be so, then the complaint of the plaintiff has no foundation in fact and the majority of this court think and so hold that the injunction to restrain the city from collecting this tax must be refused and that being so, the mandatory injunction to compel the city license officer to issue a license for the conducting of a near beer establishment or an establishment where near beer is to be consumed upon the premises, could not and ought not be granted without the payment or tender of the additional $10.00 fee.

This being the holding of a majority of this court, the decree will be for the defendants.

Decree for defendants. Order see journal.

WEYGANDT, J, concurs.

LEVINE, PJ, dissents.