## YOUNGSTOWN (city) v HARRINGTON and Three Others (4 cases)

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 9, 1934

U. F. Kistler, Youngstown, for plaintiff in error.

H. G. Bye, Youngstown, and Clyde W. Osborne, Youngstown, for defendants in error.

## OPINION

**By THE COURT**

It is well settled in this jurisdiction that if a license fee charged for an itinerant wholesale dealer of such commodities be so excessive as to be unreasonable, that then it is unconstitutional and void. It has been held frequently in this jurisdiction that only the cost of issuing and enforcing such an ordinance is to be made the basis upon which the amount or the issue of such a license is based. No one would contend for one moment that the sum of $200 would be reasonably necessary for the issuing and enforcement or such ordinance, and if such be the case, then it becomes a tax and is prescribed by law, and so it is held.

In the **Allen' case, 37 Oh Ap, 339, (9 Abs 184)**, it is said:

"License becomes a tax and is not enforceable if it goes further than necessary expense of issuing license and cost of regulation."

It is, of course, well understood that such license fee is authorized by virtue of the police power to insure regulation and supervision, and the amount of the fee is determined by the amount of the reasonable cost of issuing the license and in the regulation thereof; **Handley v Westerville, 21 O. Dec., 491.** And it is also said in the last mentioned case:

"If it exceeds this, and it is plainly apparent that the purpose is to raise revenue, or the imposition is so large as to make it prohibitive or destructive, then it becomes a tax and not a license. A municipality has power to impose a license fee, but has not the power to assess a tax under the guise of a licensee."

It is held in **Mays v Cincinnati, 1 Oh St, 268:**

"A license may include a tax or it may not. If the exaction goes no further than to cover the necessary expenses of issuing it, it does not; but if it is made a means of supplying money for the public treasury, we agree with the court in State v Roberts, 11 Gill & Johns, 506, that it 'is a tax, is too palpable for discussion'."

Having in mind the declaration of the foregoing principle, who could for a moment doubt but that the $200 license fee provided for in the foregoing ordinance becomes a tax instead of a license, and is therefore prescribed by the Constitutions of Ohio and of the United States, and as well by the decisions of numerous courts; **Murphy v Columbus, 15 O. Dec., 60.**

Pertinent paragraphs are to be found in **Tea Company v Tippecanoe, 85 Oh St, 120-127; Allen v Cincinnati, 37 Oh Ap, 339, (9 Abs 184)**; **Evans v City of Wooster, 28 OCA 285,** affirmed without opinion, **92 Oh St, 504.**

It would seem superfluous and unnecessary to carry this discussion further. For the reasons given it follows that the judgment must be affirmed, and it is so ordered.

Judgment affirmed.

FARR, POLLOCK and ROBERTS, JJ, concur.