## JACKSON v COPELAN

Ohio Appeals, 1st Dist, Hamilton Co

No 4694. Decided Feb 25, 1935

George J. Slaline, Cincinnati, for plaintiff in error.

John D. Ellis, Cincinnati, and Frank T. Bartlett, for defendants in error.

**OPINION**

By ROSS, PJ.

The majority of the court, including the writer of this opinion, considers that the original trial being in the Municipal Court of Cincinnati, the ordinances of such city, as well as the charter, are matters of which that court and all succeeding courts considering the case must take judicial notice. The rule is well stated in Hanley et v Donoghue, 116 U. S., 1, at page 6:

"But in this court, exercising an appellate jurisdiction, whatever was matter of law in the court appealed from is matter of law here, and whatever was matter of fact in the court appealed from is matter of fact here." ,

A statement of the conflicting view is found in **17 O. Jur., p. 53, §28:**

"On the question whether a reviewing court which would not, in an original action, take judicial notice of a municipal ordinance, will take judicial notice of the ordinance upon reviewing a judgment of a court which did take judicial notice thereof, the Ohio cases are in conflict. In the 5th and 8th districts it is held that the reviewing court will not take judicial notice of an ordinance, even in such case; but in the seventh district, and in the Court of Common Pleas for Hamilton County, the opposite view is taken. The latter view seems the better one, for, as argued by the Circuit Court on error from a conviction for the violation of a municipal ordinance:

'If the Municipal Court takes judicial notice of the ordinance under which the conviction is had, the reviewing court must do the same, otherwise the accused would be without remedy * * * the record would be barren of the ordinance, and however invalid the ordinance might be, the accused could not have the determination of the reviewing court upon its validity.'

But in a more recent case it is held that the Common Pleas or Circuit Court may, without violating, or creating an exception to, the rule that those courts will not take judicial notice of municipal ordinances, entertain a presumption in favor of the existence of a valid ordinance defining an offense and providing a penalty therefor, on error by one convicted before a mayor or magistrate, if by his own neglect the person convicted fails to bring the ordinance into the record."

However, the entire court is agreed that in the absence of proof to the contrary, a presumption in favor of the existence of the ordinance prevails when such ordinance is considered by the Municipal Court.

Section 74-136 of the ordinances of such city, in force October 27, 1932, is as follows:

"Any vehicle parked at a place where parking is prohibited by this ordinance or by approved traffic signs, and any vehicle which has been tagged for exceeding the parking limit as provided by the ordinance, and which vehicle remains at the place where tagged, for more than an hour after being so tagged, and any vehicle for which two or more citation tags for violations of the traffic ordinances have been issued and

the owner or operator thereof has failed to respond to the said citation tags as provided for in §74-95 of the Code of Ordinances, may be impounded by any police officer, and a service charge of $5.00 shall be paid to the city before the vehicle is released from pound. The payment of said service fee shall not release the owner, chauffeur or driver of such vehicle from penalty imposed for violation of traffic laws, ordinances and rules."

In an action for replevin, the question to be determined is the right of the plaintiff to immediate possession of the subject-matter of the replevin. The plaintiff must, therefore, establish the right to such immediate possession.

Has the city of Cincinnati, by virtue of law, any right to retain custody or possession of the automobile?

The city claims such right to custody or possession by virtue of the ordinance quoted..

The Constitution of Ohio provides, Article XVIII, §3:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

And in **Article XVIII, §7**, it is provided:

"Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of §3 of this article, exercise thereunder all , powers of local self-government."

Section 1 of the Charter of the City of Cincinnati provides:

"The city shall have all powers of local self-government and home rule and all powers possible for a city to have under the constitution of the State of Ohio. The city shall have all powers that now or hereafter may be granted to municipalities by the laws of the State of Ohio. All such powers shall be exercised in the manner prescribed in this chapter, or if not prescribed herein, in such manner as shall be provided by ordinance of the council."

We know of no law in conflict with the exercise of the police power as found in the ordinance, and, under the sections of the constitution the ordinance is within the powers granted.

The state law, on the other hand, places a burden upon the city to keep its streets open, in repair, and free from nuisance.

"Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance." §3714, G.C.

There can be no question that the City of Cincinnati had the right to remove the automobile from the street and in fact it was its duty to do so if the same had become a nuisance.

Could the City of Cincinnati retain possession of the automobile until the charge imposed by ordinance was paid? It, of course, can have no common law lien for the costs incidental to the removal and storage of the motor car. The city is entirely dependent upon the ordinance for its authority to hold the automobile. The ordinance must, in consequence, be an expression of the police powers conferred upon the city. Is the due process clause of the Constitution infringed? There is a paucity of authority directly bearing upon the question. Our search has discovered but one authority directly upholding a similar ordinance.

"Ordinance providing that owner of vehicle impounded for being improperly parked . must pay pound fee before regaining possession thereof held not unconstitutional as depriving owner of property without due process." Steiner v City of New Orleans, 173 La., 275, syllabus 2.

This case was followed by the Supreme Court of Louisiana in the case of Cornman v Conway, etc., 178 La., 353. We have found no authority directly contra.

In 50 A.L.R. 1303 (Rickenberg v Capital Garage, 68 Utah 30) the court indirectly approves the power where the fee is fixed by statute.

It is our conclusion that the ordinance is not in conflict with the due process clause of the Constitution, that it expresses a reasonable exercise of police power vested in the city by the charter and laws of the State of Ohio, and that, in the absence of evidence to the contrary, the fee is reasonable.

The ordinance having fixed the charge, the same will be presumed reasonable until the contrary is shown. A similar rule prevails to that applicable to the imposition and reasonableness of a charge for a license.

In **28 Ohio Jur., p. 166**, it is stated:

"Ordinarily, the courts will decline to interfere with a municipal ordinance imposing a license tax, on the ground that it is excessive. unless it is shown that it is grossly in excess of the expense of issuing the permit and of the cost of providing the necessary police regulation of the subject. And the burden of showing that a license fee is unreasonable or excessive rests upon the complaining party." Citing: Cincinnati v Criterion Adv. Co., 32 Oh Ap 472, 168 NE 227; Levitt v Cleveland, 40 Oh Ap 405, 178 NE 593; 35 O. L. Rep. 324, 10 Abs, 229; Jacobs v Dayton, 27 O.N.P. (N.S.) 307, 7 Abs 557; Trevary v Cincinnati, 22 O.D. N.P. 671, 9 O. L. Rep. 102; Henegan v Gann, 23 O. L. Rep. 85; Murphy v Columbus, 2 O. N. P. (N.S.) 484, 15 O.D. N.P. 60; Wolfe v Columbus, 10 O.N.P. (N.S.) 196, 25 O.D. N. P. 98; Handley v Westerville, 12 O.N.P., (N.S.) 105, 30 O.D. N.P. 499; Stern v Columbus, 16 O.N.P. (N.S.) 353; Allen v Cincinnati, 37 Oh Ap 339, 174 NE 795.

There was no evidence that the charge of $5.00 was unreasonable. If the plaintiff had introduced evidence upon which the court was justified in finding that the amount specified in the ordinance of $5.00 was in excess of a reasonable charge for moving and storing the automobile, some complaint could now be made. In the absence of such evidence, there is no basis for the court to find that the amount specified in the ordinance is not a reasonable charge for the removal and storage of the automobile.

The city having complied with a duty placed upon it by the statute, it is entitled to hold the automobile until it is compensated for the reasonable charge incident to the performance of such duty, fixed by the ordinance.

The judgment is affirmed.

MATTHEWS, J, concurs.
HAMILTON, J, dissents.