## BOST v. LARSEN BROS., Inc., et al.

No. 6437.   Decided February 16, 1943.   (134 P. 2d 179.)

*Willard Hanson* and *Stewart M. Hanson,* both of Salt Lake City, for appellant.

*A. H. Hougaard, E. LeRoy Shields,* and *A. Wilson Hougaard,* all of Salt Lake City, for respondent.

LARSON, Justice.

Plaintiff brought this action against defendants to recover a judgment for conversion of an automobile. Defendants Pierce and Southworth were police officers of Salt Lake City. Service of summons on them was quashed and they were not further involved in the action. Henceforth respondent Bost will be referred to as plaintiff, and appellant, Larsen Brothers, Inc., as defendant. On the evening of May 5, 1939, plaintiff was driving his automobile east on 17th South street in Salt Lake City. He ran into a parked car doing some damage to both cars. Two police officers, Pierce and Southworth, in a prowl car appeared at the scene. They arrested plaintiff, and through a call to police headquarters ordered a wrecker to come out for plaintiff's car. Police headquarters sent defendant out with a wrecker. Plaintiff protested against defendant taking his car away, but the police officers ordered defendant to tow plaintiff's car to its garage and hold it for bail, while they took plaintiff to police headquarters and booked him for reckless driving. The next day plaintiff demanded his car from defendant which demand was refused. Later after plaintiff had been tried and acquitted by a jury on the charge of reckless driving, he again demanded possession of his car from defendant, this time fortified with a release order from the police department. Defendant refused to surrender the car until plaintiff paid a $2 towing charge, and a storage charge

of fifty cents per day while the car had been in the garage. Plaintiff refused to pay the charges, and when defendant refused to surrender the car, brought this action in conversion, asking judgment for the value of the car and for exemplary damages. The trial court entered judgment for plaintiff for $300 general damages and $150 exemplary damages. Defendant appeals. The seven assignments of error all go to the sufficiency of the evidence to sustain the findings and judgment of the court. The findings assailed are to the effect that on the 5th day of May, 1939,

"* * * the appellant unlawfully took and carried respondent's car away and converted and disposed of it to its own use (Tr. 34), and refused to return it to respondent when demanded by him; and at the time of the original conversion, respondent collided with a parked car because of the congestion of traffic on the street and that the police officers who appeared at the accident refused to permit respondent to enter his car and deprived him of the possession of the same and that appellant, over respondent's objection, removed the car;

"That respondent has demanded the car, and appellant has refused to deliver it to him; that respondent was not intoxicated nor in an intoxicated condition at the time of the accident, that the police officers wrongfully arrested the respondent and that appellant, notwithstanding the objections and protests of respondent, removed respondent's car; that it was not taken for any bail and that respondent did not agree to pay the towing and storage; that appellant did not have a lien upon the car and that the taking was wrongful, unlawful and malicious; that respondent was entitled to punitive damages in the sum of $150.00, that the value of the car was $300.00."

On substantially all these matters there is a dispute in the evidence. We have read the record with considerable care and attention. The evidence is overwhelming that defendant took plaintiff's car over his protest; that the plaintiff was not intoxicated at the time of the accident; that he was not guilty of reckless driving; that defendant did not have a lien upon the car; that plaintiff demands the return of the car and defendant refused to surrender it. On some of the other matters the evidence is not so positive, but there is ample competent evidence to sustain the findings of the court. Since the court saw and

heard the witnesses, it was in a much better position to judge the weight of the evidence than are we. No claim is made that defendant had any lien or claim on the car because he took and stored the car under police direction. Such claim could not be made under our holdings in *Rickenberg* v. *Capitol Garage*, 68 Utah 30, 249 P. 121, 50 A. L. R. 1303.

The findings and judgment are sustained by the evidence and the judgment is affirmed.

Costs to respondent.

WOLFE, C. J., McDONOUGH and MOFFAT, JJ., and WILL L. HOYT, District Judge, concur.